■ SAMUEL M. SPRAFKIN, Appellant, v. PACIFIC INDUSTRIES, INC., Respondent.— Order entered February 9, 1968, unanimously modified, on the law, to grant summary judgment to plaintiff and to direct an assessment of damages, and otherwise affirmed, with $50 costs and disbursements to appellant. Plaintiff sues in *quantum meruit* for legal services. The services consisted of collection of an overdue account from a debtor on the verge of bankruptcy and required, among other things, extensive negotiations with other creditors. Defendant does not deny the hiring nor the performance of services but denies knowledge of the extent of the services rendered and their value. Defendant's conduct as revealed in the affidavits describes one long course of equivocation and obfuscation, which conduct was ably seconded by its legal representatives. This determination will be beneficial to them, as it will enable them to discover what they profess to be ignorant of at a far earlier date than would otherwise be expected. As to the bill of particulars, plaintiff has not shown prejudice which is a necessary element in an appeal of this character (*Gevinson* v. *Kirkeby-Natus Corp.*, 26 A D 2d 71, 77). Concur — Stevens, J. P., Eager, Steuer, Capozzoli and McNally, JJ.

■ LUDWIG ROSENTHAL, Doing Business under the Name of SPORTCRAFT BAG CO., Appellant, v. MANUFACTURERS HANOVER TRUST COMPANY, Respondent. — Order, entered January 16, 1968, unanimously modified, on the law, to strike defendant's three affirmative defenses for insufficiency on the face thereof, without prejudice to application by defendant at Special Term for leave to amend his answer to interpose any proper affirmative defense upon proof of prima facie factual support for the merit thereof (see CPLR 3211, subd. [e]), and order otherwise affirmed, with $50 costs and disbursements to abide the event, without prejudice to renewal by plaintiff of motion for summary judgment following completion of disclosure proceedings. The first affirmative defense is insufficient, particularly in that it is therein alleged that the authority of Pincus to indorse checks payable to his corporate employer is limited to "the purpose of depositing the checks in plaintiff's bank account." (See *Wagner Trading Co.* v. *Battery Park Nat. Bank*, 228 N. Y. 37; *Porges* v. *United States Mtge. & Trust Co.*, 203 N. Y. 181, 190; *Wen Kroy Realty Co.* v. *Public Nat. Bank & Trust Co.*, 260 N. Y. 84; *Ward* v. *City Trust Co.*, 192 N. Y. 61; 5 N. Y. Jur., Banks & Trust Companies, § 435; see, also, Uniform Commercial Code, § 3–304; Banking Law, § 9.) The second and third affirmative defenses allege negligence on the part of plaintiff in failing to supervise the activities of Pincus and in permitting the particular occurrences, including the alleged unauthorized indorsement of the checks payable to the plaintiff. Such defenses, grounded in negligence, are insufficient as defenses to this action brought on the theory of conversion. (See *People* v. *Bank of North America*, 75 N. Y. 547, 561; *People's Trust Co.* v. *Smith*, 215 N. Y. 488; *Bunge Corp.* v. *Manufacturers Hanover Trust Co.*, 28 A D 2d 842.) Although the plaintiff presents proof prima facie establishing its alleged cause of action, it appears that there may exist undisclosed essential facts bearing upon the merit thereof. For this reason, and in view of the incompleteness of the present record (only one of the subject checks with indorsements is before the court), we conclude that plaintiff's motion for summary judgment should be denied in the interests of justice. In the circumstances of the case, the defendant should be afforded the opportunity of disclosure proceedings before renewal of the motion for summary judgment. (See CPLR 3212, subd. [f]). Concur — Stevens, J. P., Eager, Steuer, Capozzoli and McNally, JJ.