█    ANTHONY B. CATALDO, Respondent, v. HANOVER INSURANCE COMPANY, Appellant, et al., Defendants.— Order entered November 4, 1968, denying defendant-appellant's motion to dismiss the amended and supplemental complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The first two causes of action, which seek a declaratory judgment that plaintiff, an attorney, has a prior lien or interest in respect of a sum of money due from the United States of America to plaintiff's client, are moot. The United States having effected a setoff of the fund for its own benefit, and the Government no longer being a party to the action, there is neither a *res* as to which the court may declare the parties' rights nor a party that would be bound by any judgment. The third cause of action fails to state a cause of action in unjust enrichment against the defendant-appellant surety. The latter received no property belonging to the plaintiff nor was plaintiff deprived of money or property belonging to him. The debt discharged by the setoff was not the defendant-appellant's; it was the plaintiff's client's and it was the client's money which discharged the debt. (*United States* v. *Munsey* Trust Co., 332 U. S. 234, 239.) Concur — Eager, J. P., Tilzer, McGivern, Markewich and Steuer, JJ.

█    LYNDA J. YOURTH, Respondent, v. WILLIAM E. BOGGS, Appellant.— Order entered April 22, 1969 granting plaintiff summary judgment, and judgment entered thereon April 30, 1969, unanimously reversed, on the law, without costs or disbursements, the judgment vacated and the motion denied. Plaintiff's marital status prior to October, 1966 has been placed in issue by defendant's evidence. Sufficient circumstantial facts were proffered to lead a reasonable mind to conclude that plaintiff married Stuart Walker during 1966. Summary judgment may not be granted where there is any doubt as to the existence of material and triable issues of fact — or where the issue is arguable — issue finding rather than issue determination is the key to summary judgment. (See *Sillman* v. *Twentieth Century-Fox Film Corp.,* 3 N Y 2d 395.) With respect to the March 4, 1966 written agreement, it appears that plaintiff accepted support payments thereunder without objection, thereby waiving the formality of its execution required by the original agreement. On the facts in this record we find the March 4, 1966 writing to constitute a valid modification of the prior agreement rather than an executory accord within the purview of section 15–501 of the General Obligations Law. Concur — Eager, J. P., Capozzoli, Tilzer, Nunez and Macken, JJ.

█    MIRIAM K. LANDIS, Respondent, v. E. RICHARD LANDIS, Appellant.— Order entered on June 6, 1969, granting plaintiff's motion for temporary alimony, counsel fees and additional related relief, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of reducing temporary alimony to $250 a week, and the counsel fee to $2,500, and, as so modified, the order is affirmed, without costs or disbursements. Upon the facts presented the awards made by Special Term were excessive. Concur — Eager, J. P., Capozzoli, McGivern, Nunez and Bastow, JJ.