EDWARD A. VOLKMAN et al., Appellants, v ALAN MILLER, as Commissioner of the Department of Mental Hygiene of the State of New York, et al., Respondents.

Third Department, May 13, 1976

*Christopher A. Hansen* for appellants.

*Louis J. Lefkowitz, Attorney-General (Michael F. Colligan* and *Ruth Kessler Toch* of counsel), for respondents.

KOREMAN, P. J. This proceeding was commenced as an action for a declaratory judgment. Special Term, however, treated the action as a proceeding pursuant to CPLR article 78, and granted defendants' motion for summary judgment. Thus, Special Term found it unnecessary to rule on the plaintiffs' motion to compel discovery and on the *amicus* motion to appear.

The plaintiffs, John Doe, Robert Roe and Jane Anonymous (names being fictitious), are out-patients at the Tremont Crisis Center in New York City. Plaintiffs Volkman, Snyder and Dunn are medical doctors enrolled in a psychiatric residency program at the Tremont Crisis Center, and plaintiff Felix is a social worker and administers psychiatric therapy at that center. The Tremont Crisis Center is a part of the Bronx State Hospital which is a facility of the New York State Department of Mental Hygiene.

The action arises out of the use of a certain system or procedure established by the Department of Mental Hygiene which requires departmental personnel to enter information on forms on all out-patients and to send that information to Albany to be recorded and stored in a central computer. The patient's name and other identifying data are required to be entered on the form as well as a description of the illness and a diagnosis. In the action, plaintiffs seek a declaration that the use of such a centralized computerized system, without ade-

quate safeguards, is violative of section 15.13 of the Mental Hygiene Law, the doctor-patient privilege (CPLR 4504, subd [a]), and plaintiffs' constitutional right to privacy. The continued use of such system is sought to be enjoined, and the information already acquired under the system is sought to be destroyed. Special Term granted defendants' motion for summary judgment and dismissed the complaint. This appeal ensued. Plaintiffs contend that triable issues of fact exist and that these facts lie within the exclusive control of the defendants, and, for that reason, urge that they are entitled to discovery of such facts.

Since the instant proceeding is a constitutional challenge, and there are no procedures in the Mental Hygiene Law for notice and a hearing to challenge the system, we determine initially that an article 78 proceeding is not a proper vehicle to test constitutionality. (*Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449; *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400, 407.) Consequently, we treat this proceeding as one for a declaratory judgment (CPLR 103, subd [c]), as it was commenced.

The question presented on this appeal is whether summary judgment should have been granted to the defendants. Basically, complaint is made in this action concerning the maintenance and keeping by a department of State government of a central index and storage center of its own records. Plaintiffs are patients of an out-patient facility of the Department of Mental Hygiene, and members of the department's medical staff. The complaint alleges in a conclusory manner that the requirement that the doctors at out-patient psychiatric clinics report information concerning their patients to include their names and other identifying data to a central computerized storage facility is an intrusion upon the constitutional rights of the patients as well as of the members of defendants' staff. Specifically, the right of privacy, the patient-physician privilege, and the right of staff personnel to practice their profession are alleged to be violated by defendants in the use of the procedure in question.

On this record, it is clear that a defense to the action was established sufficiently to warrant the court at Special Term, as a matter of law, in directing judgment in favor of the defendants (CPLR 3212, subd [b]). We conclude from the evidentiary matter submitted in support of defendants' motion that plaintiffs' cause of action, as alleged, is without merit. In

opposition to the motion, plaintiffs have submitted only an affidavit of their attorney which sets forth merely arguments without any factual support of the allegations in the complaint. Nor have plaintiffs demonstrated that summary judgment should have been denied for the reason that the facts necessary to justify opposition to the motion are within the exclusive knowledge of the defendants. In order to deny the motion on that ground, it must appear from the affidavits in opposition that such facts may exist but cannot then be stated (CPLR 3212, subd [f]). Only in the event that it is persuaded that the opposing party's reasons for not being able presently to oppose the motion are adequate, does the court have broad discretion to determine the further course of the litigation. (4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.10.)

The record in the instant proceeding is barren of any proof by affidavit or otherwise that could serve to defeat the motion, and, therefore, Special Term properly granted summary judgment to the defendants. However, the complaint in an action for a declaratory judgment should not be dismissed merely because the plaintiffs are not entitled to the declaration sought by them, but the rights of the parties should be declared with respect to the subject matter of the litigation *(St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.,* 20 NY2d 317; *Town of Brookhaven v Parr Co. of Suffolk,* 47 AD2d 554). We conclude that the record keeping system established by defendants concerning out-patients of their facility does not constitute a violation of any constitutional rights of the plaintiffs, nor does it violate any statutory requirement. Accordingly, plaintiffs are not entitled to the relief they seek.

The judgment should be modified, on the law, to the extent of directing judgment be entered in favor of the defendants (1) declaring that the plaintiffs' right of privacy, the patient-physician privilege, and the right of staff personnel to practice their profession have not been violated, and (2) that it is proper for the defendants to keep identifying data and information concerning out-patients in a centralized computerized facility, and, as so modified, affirmed, without costs.

GREENBLOTT, J. (dissenting). We respectfully dissent from the majority opinion. While we agree that the present action is properly one for declaratory judgment, we do not believe that the complaint should be dismissed or that the system should be declared constitutional.

The majority grant the defendants' motion for summary judgment dismissing the complaint and hold that the challenged system is constitutional. They have apparently done so on the ground that the plaintiffs' affidavit in opposition lacks sufficient "factual support", and from conclusions drawn "from the evidentiary matter submitted" by the defendant. The majority condemns the affidavit of the plaintiffs' attorney submitted in opposition to the motion for a lack of factual support, notwithstanding the plaintiffs' claim that the facts necessary to justify opposition exist within the exclusive control of the defendants (see CPLR 3212, subd [f]). The majority then proceed, apparently on the basis of the defendants' evidence, to rule the system constitutional. There has been no discovery in this case and the factual record before this court is very sparse.

If it is assumed that there are facts sufficient to oppose summary judgment within the exclusive control of the movants, it is not at all clear how the plaintiffs could provide the "factual support" required by the majority. Admittedly, the statute requires the party opposing summary judgment to convince the court that these facts may exist (CPLR 3212, subd [f]), but, it is equally clear that summary judgment must be denied when "the facts presented in the pleadings or on a pretrial motion are not sufficient to permit a declaration for either party" *(Armstrong v County of Onondaga, Onondaga County Water Dist.,* 31 AD2d 735, 736; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.13). While the plaintiffs' attorney should have obtained affidavits from the parties personally rather than submitting one based on his own information and belief, it does not appear that any plaintiffs' affidavit could have added any significant factual support in opposition to this motion. If discovery is allowed, as requested by the plaintiffs, it would soon become apparent whether these facts exist and a "just, speedy and inexpensive determination" could be secured (CPLR 104).

It is clear that the key to summary judgment is issue finding, not issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Yourth v Boggs,* 33 AD2d 549). The majority, however, conclude "from evidentiary matter submitted" by the defendants, that the cause of action is without merit. In addition to issue determination, this result gives conclusive weight to the defendants' affidavits before the plaintiffs have been allowed discovery. It would be an unques-

tionable denial of justice to force the plaintiffs to wait until a leak in the allegedly confidential system costs them their jobs or worse, or to dissuade a potential patient from seeking needed psychiatric counseling for fear of this computerized system, merely to afford them a factual basis on which to oppose summary judgment. In the interests of justice the motion for summary judgment should be denied, without prejudice to the defendants raising the question anew after discovery has been completed *(Beach v Fresht Props. Corp.,* 35 AD2d 1041; *Rosenthal v Manufacturers Hanover Trust Co.,* 30 AD2d 650).

We also dissent from the holding of the majority that the challenged system is constitutional. There are insufficient facts contained in the instant record to determine whether the challenged system would pass constitutional muster. It is impossible at the very outset to determine whether the right of privacy has been infringed upon. A critical factual issue in this regard is whether the plaintiffs' decision-making in their personal life (seeking psychiatric treatment) is affected by the challenged system *(Matter of Schulman v New York City Health & Hosps. Corp.,* 38 NY2d 234, 243). There is no evidence in the record on this point other than the allegations in the plaintiffs' complaint that their decision-making is being affected.

The majority cannot contend that the plaintiffs have failed to state a cause of action *(Roe v Ingraham,* 403 F Supp 931; see *Matter of Schulman v New York City Health & Hosps. Corp., supra,* p 241); nor can they claim that an order allowing discovery would be unprecedented or unreasonable *(Roe v Ingraham,* 364 F Supp 536, 546-547, revd on other grounds 480 F2d 102). The majority proceeds, however, to a declaration on the merits holding that the challenged system is constitutional. Such a holding and its *res judicata* effect deny these plaintiffs one of the most basic rights in our jurisprudence— their right to a day in court. Procedural inadequacies should not be held to prejudice those other citizens of the State who deserve the full protection of their Constitution.

The judgment should be reversed, and the case remitted for discovery.

KANE and LARKIN, JJ., concur with KOREMAN, P. J.; GREEN-BLOTT and MAIN, JJ., concur in part and dissent in part in an opinion by GREENBLOTT, J.

Judgment modified, on the law, to the extent of directing judgment be entered in favor of defendants (1) declaring that the plaintiffs' right of privacy, the patient-physician privilege, and the right of staff personnel to practice their profession have not been violated, and (2) that it is proper for defendants to keep identifying data and information concerning out-patients in a centralized computerized facility, and, as so modified, affirmed, without costs.