NORMAN E. MURPHY, Appellant, v ROBERT S. MURPHY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Fischer, J.), entered February 18, 1981 in Broome County, which, *inter alia,* dismissed plaintiff's complaint. The sole issue on this appeal is whether plaintiff has a cause of action to recover the full amount of child support agreed to in a separation agreement incorporated but not merged in a divorce decree where Family Court has entered orders, upon stipulation of the parties' counsel, directing support payments in amounts differing from that fixed by the

separation agreement. Resolution of this issue requires interpretation of the separation agreement. Three paragraphs of the agreement are relevant. Paragraph 8 of the agreement provides that "this agreement shall constitute a stipulation in Family Court * * * with respect to all matters involving * * * support * * * of the minor children of the marriage". Paragraph 10 states that the agreement shall be incorporated but not merged in any subsequent divorce decree. Paragraph 14 provides that "modification or waiver of any of the provisions of this agreement shall be effective only if made in writing and executed with the same formality as this agreement". We agree with plaintiff's contention that paragraph 8 does not evince an intention of the parties that all matters, including child support, be controlled by Family Court, for such a· conclusion would render the nonmerger clause of paragraph 10 ineffective (see *Kleila v Kleila,* 50 NY2d 277, 284). Paragraph 14 of the agreement prescribes the manner in which the agreement may be modified, and it is the general rule that "a change in the divorce decree cannot modify the separation agreement absent a clear expression by the parties of such an intent" *(id.,* at 283). In our view, however, the stipulations by the parties' attorneys to the Family Court orders directing defendant to pay child support in amounts differing from that fixed by the separation agreement constitute the required clear expression of intent to modify the separation agreement. The orders have been reduced to writing, expressly noting the stipulation of counsel, and have been entered in the county clerk's office. The support payments directed by the orders have been made by defendant and accepted by plaintiff. These circumstances compel the conclusion that the separation agreement was effectively modified (see *Yourth v Boggs,* 33 AD2d 549; *Clurman v Clurman,* 84 Misc 2d 148, affd 51 AD2d 915; cf. *Clock v Nelson,* 71 AD2d 509). Accordingly, the order of Special Term dismissing plaintiff's complaint should be affirmed. Order affirmed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.