■ MOT PARKING CORP., Respondent, v 86-90 WARREN STREET, LLC, Appellant. [962 NYS2d 116]—

Judgment, Supreme Court, New York County (Jeffrey K. Oing, J.), entered January 13, 2012, against defendant in favor of plaintiff in the amount of $108,546.47, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered December 15, 2011, which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

General Obligations Law § 15-301 (1) states that "[a] written agreement . . . which contains a provision to the effect that it cannot be changed orally, cannot be changed by an *executory* agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent" (emphasis added). The statute does not apply to an *executed* agreement (*see Rose v Spa Realty Assoc.*, 42 NY2d 338, 343 [1977]). In this case, the parties' December 2007 oral agreement was executed, not executory. Therefore, it was enforceable, notwithstanding the no-oral-modification clause in the lease.

Defendant failed to raise a triable issue of fact as to whether plaintiff's vice president, Martin Lipson, and defendant's then in-house leasing agent, Ron Longstreet, reached an oral agreement in December 2007. In opposition to plaintiff's motion, defendant submitted an affidavit from its general counsel, Judith M. Brener, denying the existence of an oral agreement. However, as the motion court noted, Brener had no personal knowledge of

the negotiations between Lipson and Longstreet (*see GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 968 [1985]). Defendant neither submitted an affidavit from Longstreet nor explained in its opposition (as opposed to oral argument) why it could not obtain such an affidavit. Further, it never argued before the motion court that there may exist undisclosed facts essential to its opposition (*see* CPLR 3212 [f]); on the contrary, it cross-moved for summary judgment. Both plaintiff's motion and defendant's cross motion were made months after the filing of the note of issue and certificate of readiness for trial. Accordingly, defendant cannot now invoke CPLR 3212 (f) to avoid summary judgment (*cf. Rosenthal v Manufacturers Hanover Trust Co.*, 30 AD2d 650 [1st Dept 1968]). Concur—Friedman, J.P., Moskowitz, DeGrasse, Richter and Gische, JJ.