Abdelrahman v Mahdi (2018 NY Slip Op 02698)





Abdelrahman v Mahdi


2018 NY Slip Op 02698


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

525371

[*1]SARA ABDELRAHMAN, Appellant,
v
YAHYA EL MAHDI, Respondent.

Calendar Date: February 23, 2018

Before: Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ.


Law Office of Stephen W. Rossi, Saratoga Springs (Stephen W. Rossi of counsel), for appellant.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from an amended order of the Supreme Court (Chauvin, J.), entered October 17, 2016 in Saratoga County, which partially granted defendant's motion to, among other things, temporarily suspend his maintenance and child support obligations.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) are the parents of one minor child (born in 2006). In February 2014, the wife commenced a divorce action and, in December 2015, the parties executed a written agreement adopting an oral stipulation that had been placed on the record providing, among other things, for payment by the husband to the wife of child support in the presumptively correct amount as calculated pursuant to the Child Support Standards Act and durational maintenance. The parties subsequently executed an addendum that corrected an error that had been made in the calculation of child support, resulting in an increase of approximately $30 in the weekly payment. On March 7, 2016, the husband executed the
addendum and an affidavit in support of a motion seeking a reduction, and temporary suspension, of his child support and maintenance obligations on the basis that he had been terminated from his employment in February 2016. The agreement and the addendum each provided for incorporation, without merger, in the judgment of divorce; however, neither an order governing child support and maintenance nor a judgment of divorce had been entered when the husband made his motion or when the wife served her answering papers.
Following a hearing, Supreme Court found that the husband did not cause the loss of his employment and that he had been diligently seeking employment. The court therefore granted the husband's motion to the extent of suspending his child support and maintenance obligations for 90 days or until he secured employment, whichever first occurred, and forgiving all arrears that had accrued prior to August 11, 2016 — the date that the hearing was held. The wife appeals.
The wife correctly notes that the husband's motion sought modification of obligations that arose pursuant to the parties' agreement, as amended, and that he was unable to seek modification of the terms of an order or judgment of divorce because no order governing child support and maintenance or judgment of divorce had been entered. Notably, the record contains no reference to entry of an order governing child support and maintenance or of a judgment of divorce before entry of the amended order. The amended order does not provide for modification of an existing order or judgment; rather, it simply orders suspension of the husband's "child support and spousal maintenance obligation[s]." Inasmuch as the record does not establish the existence of an order governing child support and maintenance or a judgment of divorce, the separation agreement was the sole source of the husband's obligation to pay child support and maintenance. On this record, there was no valid basis for Supreme Court to suspend the husband's contractual obligation to pay child support and maintenance.
"The case law distinguishes between modification of a separation agreement and that of a divorce decree. A separation agreement that is incorporated into but not merged with a divorce decree is an independent contract binding on the parties unless impeached or challenged for some cause recognized by law. Indeed, courts of this [s]tate enjoy only limited authority to disturb the terms of a separation agreement" (Merl v Merl, 67 NY2d 359, 362 [1986] [internal quotation marks and citations omitted]; see Makarchuk v Makarchuk, 59 AD3d 1094, 1094 [2009]; Mills v Mills, 22 AD3d 1003, 1003 [2005]; Talandis v Talandis, 233 AD2d 689, 690 [1996]; Murphy v Murphy, 84 AD2d 873, 874 [1981])[FN1]. The husband sought modification of the terms of the agreement with respect to his child support and maintenance obligations, by motion, on the ground that his loss of employment constituted a change in circumstances that warranted modification — a standard that applies to modification of orders and judgments (see Domestic Relations Law § 236 [B] [9] [b]) — but he made no argument that the settlement agreement was invalid. Supreme Court may, upon a proper showing establishing a change in circumstances, modify an order or judgment of divorce that incorporates a settlement agreement. However, the court had no authority under the present circumstances to grant the husband's motion by modifying the settlement agreement.
The wife also argues that her request for counsel fees should have been granted. Supreme Court's failure to specifically address her application for counsel fees is deemed a denial (see Hess v Wojcik-Hess, 86 AD3d 847, 848 n 1 [2011], lv denied 18 NY3d 805 [2012]). As for the merits, an unambiguous settlement agreement in a divorce action is to be interpreted, like any other contract, to give effect to the intent of the parties as revealed by the plain and ordinary meaning of the agreement's language (see O'Connor v O'Connor, 116 AD3d 1155, 1157 [2014]). The agreement provides that the violating spouse bear the cost of any court action, including counsel fees, incurred by the other spouse in enforcing the terms of the agreement or collecting sums owed pursuant to the agreement. The wife made an application for such relief, in accordance with the agreement, when, in her opposition to the husband's motion seeking modification of the agreement, she alleged that he was violating the agreement and sought both enforcement of its terms and counsel fees for her efforts. Accordingly, Supreme Court erred in not awarding counsel fees incurred by the wife for that part of her opposition that was aimed at enforcing the agreement by correcting the husband's violation, and we remit to Supreme Court for a determination of that amount.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the amended order is modified, on the law, without costs, by reversing so much thereof as partially granted defendant's motion; motion denied in its entirety and matter remitted to the Supreme Court for a determination of counsel fees to be awarded to plaintiff; and, as so modified, affirmed.



Footnotes

Footnote 1: Modification of separation agreements and settlement agreements that adopt a stipulation placed on the record are governed by the same principles (see Grunfeld v Grunfeld, 123 AD2d 64, 68 [1986]).