■ GUINDA W. LAHAIE, Respondent, v A. PHILIP LAHAIE, Appellant. [635 NYS2d 108] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Connor, J.), entered June 29, 1994 in Columbia County, which, *inter alia,* granted plaintiff's motion directing defendant to pay arrearages for past-due maintenance, and (2) from an order of said court, entered October 11, 1994 in Columbia County, which, upon reargument, reduced the amount of arrearages granted.

The parties to this action were married in 1965 and were divorced in 1979, pursuant to a separation agreement that was incorporated but not merged in the judgment of divorce. Two children were born of this marriage. With respect to the issues of support and maintenance, paragraph 11 of the parties' separation agreement states that: "The Husband shall pay to the Wife the amount of $50.00 per child per week as and for child support and shall pay to the Wife [the] amount of $40.00 as and for alimony. The husband further agrees to increase the aforesaid amount of support only in an amount correlated to any increase in income received by him after April 1, 1980. It is intended that if there is any percentage increase in the husband's income the same percentage increase shall be afforded to each of the child's support."

Defendant thereafter substantially complied with his support and maintenance obligations in accordance with the agreement and apparently continued to make certain payments to plaintiff for several years following their children's emancipation. In February 1994, however, plaintiff sought, by order to show cause, a judgment for alleged arrearages in the payment of maintenance. Defendant opposed this relief and cross-moved for, *inter alia,* declaratory relief ruling the maintenance provi-

sion invalid. Supreme Court found in favor of plaintiff and granted plaintiff all requested arrearages for past-due maintenance and directed defendant to pay plaintiff's counsel fees. The court granted defendant's subsequent motion for reargument and, upon reargument, reduced the amount of arrearages awarded to plaintiff. Defendant appeals both orders entered on these decisions.

We affirm. Contrary to defendant's contentions on appeal, we do not find the provision in the parties' agreement concerning maintenance uncertain or void for failure to state a termination date for the payment thereof. Nor are we persuaded by defendant's contention that the language of the agreement ties the award of maintenance to the child support payments; the agreement unambiguously created two separate obligations for support and maintenance (see, Matter of Meccico v Meccico, 76 NY2d 822, 824). Fairly read, the agreement provides for nondurational maintenance, hence there is no need for this Court to rewrite the agreement or look beyond it to determine the parties' intent.

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the orders are affirmed, with costs.