◼ MARY P. KEEHAN, Respondent, v MATTHEW J. KEEHAN, JR., Appellant. [652 NYS2d 868] —Peters, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered August 11, 1995 in Saratoga County, which partially granted plaintiff's motion to hold defendant in contempt of court for failure to comply with a prior stipulation entered into between the parties.

Pursuant to a stipulation of settlement incorporated but not merged into a judgment of divorce, "[defendant] agree[d] to maintain the mortgage, taxes and insurance on the residence for the terms of the mortgage" and further required defendant to pay maintenance for a period of 10 years. Upon the conclusion of 10 years, but prior to the discharge of the mortgage, defendant stopped paying the mortgage, insurance and taxes on the former marital residence.

Plaintiff sought an order of contempt against defendant for his failure to abide by the terms of their stipulation of settlement. In response thereto, defendant sought a downward modification of his maintenance obligation and equitable dis-

tribution payments, contending a drastic change in income. He further contended that he believed that the term of his obligation to pay the mortgage, taxes and insurance premiums coincided with the 10-year term of his obligation to pay maintenance. Supreme Court partially granted plaintiff's motion finding, *inter alia*, that defendant was responsible for all past due amounts owed under the agreement, including equitable distribution payments, child support payments, and all mortgage, taxes and insurance payments due on the former marital residence. It denied defendant's application for a downward modification of his maintenance payments, thus prompting this appeal.

We find the relevant language of the stipulation of settlement to clearly and unambiguously reflect defendant's agreement to pay the mortgage, taxes and insurance "*for the terms of the mortgage*" (emphasis supplied). We do not find the statement made by defendant's counsel, on the record, that the money paid for "the mortgage, taxes and insurance will be considered as part of the alimony or maintenance which will be taxable to the wife and deductible to the husband" to have limited the term of such payment. Rather, it merely reflected a discussion of issues relating to taxation. Hence, finding no ambiguity, we will not rewrite the subject agreement or look beyond the four corners thereof to ascertain the parties' intent (*see, Meccico v Meccico*, 76 NY2d 822, 824; *Rainbow v Swisher*, 72 NY2d 106, 109; *Lahaie v Lahaie*, 222 AD2d 869, 870; *Riggs v Riggs*, 205 AD2d 864, 865; *Bottitta v Bottitta*, 194 AD2d 510, 513).

We similarly disagree with defendant's contention that he presented sufficient evidence pursuant to Domestic Relations Law § 236 (B) (9) (b) to entitle him to a downward modification of his agreed-upon equitable distribution payments. We find that Supreme Court correctly concluded that defendant failed to sustain his burden, thus obviating the need for an evidentiary hearing (*see, Praeger v Praeger*, 162 AD2d 671, 674).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.