■ ROGER G. HEWLETT, Appellant, v SUSAN H. HEWLETT, Respondent. [664 NYS2d 132] —Spain, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered September 11, 1996 in Warren County, which, *inter alia*, granted defendant's motion to modify the maintenance provisions of the parties' judgment of divorce, and (2) from an order of said court, entered November 21, 1996 in Warren County, which granted defendant's motion to require plaintiff to pay defendant the balance owed in maintenance.

The parties were married in April 1963 and in June 1989 executed a separation agreement (hereinafter the agreement) wherein plaintiff agreed, *inter alia*, to transfer to defendant his right, title and interest to the former marital dwelling, located at Cleverdale on Lake George, Warren County, which was then subject to two existing mortgages. Further, article 6 of the agreement, entitled "Maintenance", set forth plaintiff's obligation to pay defendant a monthly sum for a period of seven years beginning on June 29, 1989 and ending on June 29, 1996; the amount of these payments was an amount equivalent to the monthly fluctuating mortgage payments that were due on the Cleverdale property. The agreement was subsequently incorporated into a judgment of divorce, dated December 15, 1989. Although the agreement required plaintiff to pay defen-

dant directly, the record reveals that plaintiff made the payments directly to the mortgagee from June 29, 1989 through April 1, 1996.

In 1991, two years after the parties divorced, defendant executed a collateral security mortgage on the Cleverdale property with Manufacturer's Hanover Trust, N.A., to finance her participation in a corporate real estate venture. Defendant was personally liable for this loan which she secured with a lien on the Cleverdale property as well as her stock in another corporation. This venture was not successful and when defendant failed to make any payments on the loan, it went into default and was purchased by a third-party creditor, OLT Associates (hereinafter OLT). OLT attempted to negotiate a settlement with defendant allowing her to remain in possession of the Cleverdale property in exchange for her signing over any remaining collateral in that property. Consequently, several collection actions were commenced against defendant resulting in foreclosure on the Cleverdale property which was sold on January 9, 1996 pursuant to the judgment of foreclosure. Thereafter, OLT paid off the debt owed on the first and second mortgages on the Cleverdale property. On or about April 17, 1996, these mortgages were satisfied and removed as liens against the property, releasing both parties of their responsibilities to make any further payment on the property.

In April 1996, defendant moved for an order to modify the judgment of divorce; more specifically, defendant sought an order directing plaintiff to make the remaining payments due directly to her. Significantly, in her affidavit submitted in support of her motion, dated January 26, 1996, defendant acknowledged that she no longer had an interest in the Cleverdale property. Plaintiff opposed the motion and cross-moved for counsel fees. Supreme Court, without a written decision, granted defendant's motion and ordered that plaintiff forward the remaining payments directly to defendant, including the balance due at the end of the seven-year period on both the first and second mortgages. Subsequently, defendant filed a motion requesting judgment against plaintiff for $164,815.66, the amount alleged to be outstanding on the first and second mortgages which covered the Cleverdale property. Supreme Court, again without written decision, granted defendant's motion. Plaintiff appeals both orders.

We find merit in defendant's contention that she is entitled to a judgment in an amount equal to the final three monthly payments as set forth in article 6 of the agreement. It is well established that when a separation agreement is incorporated

into but not merged with a divorce decree, the separation agreement remains in effect as a separate and independent contract between the parties (*see, Merl v Merl*, 67 NY2d 359, 361; *Matter of Talandis v Talandis*, 233 AD2d 689; *Kleila v Kleila*, 70 AD2d 613, *affd* 50 NY2d 277). As such, principles of contract law are applied and deferred to when interpreting separation agreements (*see, Matter of Frye v Brown*, 189 AD2d 1031, 1033). When assessing the intent of the parties, the court's inquiry should not be limited to the literal language of the agreement, but should also include a consideration of whatever may be reasonably implied from that literal language (*see, Sally v Sally*, 225 AD2d 816; *Hudson-Port Ewen Assocs. v Chien Kuo*, 165 AD2d 301, 303-304, *affd* 78 NY2d 944). Here, pursuant to article 6 of the agreement plaintiff was obligated to make monthly payments to defendant for seven years or until the debt was removed as a lien against the property. Significantly, article 6 sets forth that the obligation will "cease and terminate immediately upon the death or remarriage of the [defendant]". The language contained in article 6 is uncomplicated and straightforward and expresses the intent of the parties; further we find no need to interpret any other provision in the agreement when enforcing article 6. In our view, defendant is entitled to the remaining three payments pursuant to article 6. The matter must be remitted, however, for a determination on the amount due defendant pursuant to the provisions of article 6.

Next, we agree with plaintiff that Supreme Court erred in awarding the outstanding balance of the principal and interest on the mortgages to defendant. A party seeking to modify a separation agreement, that is incorporated but not merged into a judgment of divorce, has the burden of establishing that the agreement was not fair and equitable when executed and that an unforeseen change in circumstances has occurred (*see, Matter of Strack v Strack*, 225 AD2d 872; *Dworetsky v Dworetsky*, 152 AD2d 895). Such unforeseen circumstances must result in extreme financial hardship in order to warrant a modification of the incorporated agreement (*see, Katz v Katz*, 188 AD2d 827; *see also*, Domestic Relations Law § 236 [B] [9] [b]). The power of the court to modify judgments which incorporate but do not merge agreements is contingent upon the "satisfaction of certain evidentiary thresholds" (*Katz v Katz, supra*, at 827).

Clearly, defendant did not satisfy this burden because she failed to submit any documentary proof for the record attesting to her dire financial straits or precarious position. As no proof has been submitted indicating the presence of assets or lack

thereof, it cannot be concluded that the foreclosure in and of itself is demonstrative of extreme financial hardship. There is merit to plaintiff's contention that even if defendant did endure extreme financial hardship, it was avoidable. Defendant was by no means compelled to participate in a questionable business venture, which she financed by executing a mortgage on her own home. Furthermore, in ordering plaintiff to pay defendant the amount alleged to be outstanding on the mortgages, Supreme Court erred by expanding the terms of the agreement beyond the intent and the plain meaning of the document, thereby creating an obligation where no duty existed. When the mortgage executed by defendant as collateral for an independent business venture went into default and was foreclosed, the mortgage debt described in article 8 of the agreement was discharged and, as such, there was no longer a lien on the property.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order entered November 21, 1996 and that portion of the order entered September 11, 1996 directing plaintiff to pay the outstanding balance of principal on the first and second mortgages is reversed; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, order entered September 11, 1996 affirmed.