■ In the Matter of ROBERT C. KURZON, Appellant, v LAURIE S. KURZON, Now Known as LAURIE F. STEIN, Respondent. [668 NYS2d 242] —White, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered April 4, 1996, which, *inter alia*, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 4, to fix child support arrearages.

The parties' separation agreement, that is incorporated but not merged in the judgment of divorce, obligated petitioner to pay $75 per week per child as support for the parties' two children, Alison, born in 1970, and Andrew, born in 1973, until, insofar as pertinent here, they attained 21 years of age or, if they were full-time college students, upon graduation or their 23rd birthday, whichever occurred first. The agreement further provided that both parties would contribute to the cost of the children's college expenses in accordance with their respective abilities.

In October 1995, petitioner filed a petition seeking to terminate his child support obligation on the ground the children were emancipated. Respondent, in turn, filed a cross petition for child support arrearages. At the ensuing evidentiary hearing, respondent established the amount of arrearages by producing an audit prepared by the Albany County Support Collection Unit (hereinafter SCU) showing arrearages of $10,499.71. Petitioner's attempt to establish an offset against this sum was frustrated by the Hearing Examiner's preclusion of his evidence that he paid the children's college expenses. At the close of the hearing, the Hearing Examiner granted petitioner's petition; however, she fixed the arrearages in the sum of $25,364.91, citing a second audit outside the record that was prepared by the SCU following the hearing.* Petitioner filed objections, contending that the Hearing Examiner erred in precluding his proof of payment of the college expenses and in relying on evidence outside the record in establishing the arrearages. Family Court denied the objections, prompting this appeal.

We agree with Family Court that petitioner cannot offset his child support obligation with the payment of college expenses. The parties' obligations are defined by their separation agreement which is an independent contract that must be construed in accordance with the principles of contract interpretation (*see*, *Merl v Merl*, 67 NY2d 359, 362). Where, as here, the contract language is clear and unambiguous, the intent of the parties must be gleaned from the agreement without resort to extrinsic evidence (*see*, *Rainbow v Swisher*, 72 NY2d 106, 109).

In this instance, petitioner's child support obligation and the parties' responsibility to share college expenses are set forth in discrete paragraphs without cross-reference or any indication

---

* This audit apparently calculated the child support obligation to the children's dates of graduation from college, which dates were beyond their 21st birthdays, whereas the first audit terminated petitioner's support obligation at their 21st birthdays.

that petitioner's payment of college expenses would result in an offset against his child support obligation. In view of these two separate obligations, the agreement cannot be construed as providing petitioner with the desired offset (*see, Matter of Meccico v Meccico,* 76 NY2d 822, 824; *Lahaie v Lahaie,* 222 AD2d 869, 870). In any event, he waived his right for such relief by failing to raise the issue in his pleadings (*see, Kivort Steel v Liberty Leather Corp.,* 110 AD2d 950, 952).

We do agree with petitioner that the Hearing Examiner erred in fixing his arrears as it is a fundamental requirement of due process that the decision maker's conclusions must rest solely on legal rules and the evidence adduced at the hearing (*see, Goldberg v Kelly,* 397 US 254, 271; *see also,* 1 Carrieri, NY Civ Prac: Family Court Proceedings § 7.04 [1]). Accordingly, we shall reduce the amount of the arrearages to $10,499.71.

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by sustaining petitioner's objection to the amount of the arrears and reducing said arrears to $10,499.71; matter remitted to the Family Court of Albany County to conduct a hearing to determine whether there are additional arrearages due as a result of the second audit; and, as so modified, affirmed.