■ In the Matter of Jo ANN ANTES, Respondent, v ARTHUR G. MILLER, Appellant. [757 NYS2d 620] —Peters, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered March 26, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior judgment of divorce.

The parties, married in 1975, had two daughters, one of which was emancipated at the time that they entered into a separation agreement. Such agreement was subsequently incorporated, but not merged, into a judgment of divorce. In the agreement, the parties acknowledged that as to the unemancipated child, the noncustodial parent might have to pay a pro rata share of "a discretionary amount for educational expenses" in addition to the basic child support obligation under the Child Support Standards Act (hereinafter CSSA; *see* Family Ct Act § 413 [1]). After acknowledging that they would "opt *into*" the CSSA guidelines, they further agreed that, notwithstanding certain emancipating events, if their daughter reached the age of 21 while attending college, they would split the cost of her attendance in proportion to their then current income.

In 2001, petitioner sought a modification of the judgment of divorce seeking respondent's proportionate contribution for the cost of the child's upcoming college expenses. After objections were filed by respondent challenging a favorable determination rendered by the Hearing Examiner, Family Court, as here relevant, found no legal basis to modify the parties' separation agreement. It did, however, remand the matter to the Hearing Examiner to consider an award under the CSSA which specifically allowed for such expenses (*see* Family Ct Act § 413 [1] [c] [7]).

On remand, the Hearing Examiner found that respondent's pro rata share of the child's $5,400.50 educational costs for the fall 2001 semester amounted to $3,756.05. Reducing such amount for food and shelter—factors considered in the formulation of the basic child support obligation which was to continue despite the child's residence at college—it fixed respondent's share of such expenses at $3,000 or 55.55% of the total cost. Having filed an unsuccessful objection to such order alleging, among other things, that it was an improper modification of

the parties' judgment of divorce and that the CSSA was not a term of the parties' separation agreement, respondent appeals.

We find no merit to respondent's contention that since he only agreed to pay a portion of the child's college expenses after she reached the age of 21 years, Family Court's order was improper. To be sure, separation agreements that are incorporated, but not merged, into divorce decrees are legally binding independent contracts between the parties (*see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *Hoskins v Skojec*, 265 AD2d 706, 707 [1999], *lv denied* 94 NY2d 758 [2000]) and can be modified if it is shown that the agreement was not fair and equitable when entered into or that there has been a subsequent unanticipated change in circumstances and a concomitant showing of need (*see Merl v Merl*, 67 NY2d 359, 362 [1986]). Here, however, there was no such modification. Instead, we are left to interpret the terms of the parties' agreement as written to assess their intention. "In so doing, 'the court's inquiry should not be limited to the literal language of the agreement, but should also include a consideration of whatever may be reasonably implied' " (*Stewart v Stewart*, 266 AD2d 702, 704 [1999], quoting *Hewlett v Hewlett*, 243 AD2d 964, 966 [1997], *lvs dismissed* 91 NY2d 887, 95 NY2d 778 [1998]), without the use of extrinsic evidence (*see Matter of Kurzon v Kurzon*, 246 AD2d 693, 694 [1998]).

On that basis, we find it clear that after respondent acknowledged that he could be subjected to additional educational expenses under the provisions of the CSSA, he agreed, without reservation or exception, to opt into the CSSA guidelines. With a further provision indicating that the parties agreed to split the cost of their child's educational expenses on a pro rata basis after the age of 21, we find that it can be reasonably implied that the subject of their child's educational expenses received "special attention." Based upon not only the literal language of the agreement, but also a consideration of all reasonable implications therefrom (*see Stewart v Stewart, supra* at 704), Family Court properly determined that the parties contemplated a later determination by the court concerning the sharing of educational expenses when appropriate. Hence, we agree that in granting the relief requested by petitioner, the court did not modify the terms of the judgment of divorce, but rather enforced them.

Nor do we find merit in respondent's contention that the amount fixed by Family Court was disproportionate to his ability to pay. The respective income and expenses of the parties were fully considered by the court and, in so doing, respondent's

pro rata share of these expenses was reduced by nearly 15% or $756.05 for room and board—expenses accounted for in the basic child support obligation (*see Matter of Houck v Houck*, 246 AD2d 905, 906 [1998]; *Paro v Paro*, 215 AD2d 965, 965-966 [1995]). We also reject the contention that the choice of college was inappropriate in light of their financial circumstances and note that of the total $16,800.50 bill, the child was to receive $11,400 of financial aid, leaving only $5,400 to be proportioned between the parties for the fall semester.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.