■ BARBARA HOULE, Appellant, v RICHARD E. HOULE, Respondent. [759 NYS2d 229] ——Mercure, J.P. Appeal from an order of the Supreme Court (Hughes, J.H.O.), entered February 28, 2002 in Schoharie County, which, inter alia, denied plaintiff's motion to modify a judgment of divorce.

In a 1996 stipulation of settlement, which was incorporated but not merged in the parties' judgment of divorce, defendant agreed to deed the marital residence and a 10-acre parcel of their jointly-owned real property to plaintiff, pay all expenses associated with maintaining the marital residence, divide the net proceeds from the sale of adjoining business property, and pay plaintiff maintenance of $50 per week for her life. In 1998, the parties sold their business property and residence to Nora Alaliewie and Abdallatief Alaliewie, who granted them a mortgage. In 1998, the parties entered into a second agreement "to settle the matter of equitable distribution of marital property." Defendant agreed to pay plaintiff $100,000—$50,000 at the closing of the sale of the real property and $50,000 on or before May 1, 2001, the date a balloon payment from the Alaliewies was due—"as and for her equitable distribution of the aforesaid property." The agreement further provided that plaintiff "gives up all right, title and interest to any proceeds received over and above * * * ($100,000) from the sale of the house and business." Plaintiff was represented by counsel at the time the parties entered into both the stipulation and the subsequent agreement.

In January 2001, plaintiff moved to modify the divorce judgment due to a change in circumstances and extreme financial hardship, as well as to enforce the divorce judgment. Plaintiff asserted that she was entitled to half the proceeds received

from sales of lumber on the business property prior to the parties' entering into the 1998 agreement. Supreme Court denied the motion and plaintiff now appeals.

Under the circumstances presented here, Supreme Court did not err in determining that modification is unwarranted. A party seeking to modify a separation agreement that is incorporated but not merged into a judgment of divorce must demonstrate "that the agreement was not fair and equitable when entered into or that an unanticipated and unreasonable change in circumstances has occurred" (*Dworetsky v Dworetsky,* 152 AD2d 895, 895 [1989]; *see Merl v Merl,* 67 NY2d 359, 362 [1986]; *Stewart v Stewart,* 266 AD2d 702, 704 [1999]; *Matter of Strack v Strack,* 225 AD2d 872, 873 [1996]). "Such unforeseen circumstances must result in extreme financial hardship in order to warrant a modification of the incorporated agreement" (*Hewlett v Hewlett,* 243 AD2d 964, 966, [1997] *lvs dismissed* 91 NY2d 887, 95 NY2d 778 [1998] [citations omitted]; *see* Domestic Relations Law § 236 [B] [9] [b]). Plaintiff asserts that she is under extreme hardship because she is unable to work due to injuries that occurred prior to the divorce; she is ineligible for Social Security benefits due to the failure to pay taxes on the salary she received while working at defendant's business; defendant stopped paying maintenance in the form of taxes and upkeep on the marital property once it was sold; and defendant represented to her that he would pay her $200 per week, instead of the $50 payment provided for in the stipulation.

None of these events, however, was unanticipated—or, in the case of plaintiff's eligibility for Social Security benefits, undiscoverable in light of plaintiff's position as the bookkeeper for defendant's business—at the time the parties entered into the 1996 stipulation. In addition, plaintiff concedes that defendant expressly rejected a proposed $200 per week payment requirement in the stipulation. Nor has plaintiff documented her claim that she is likely to become a public charge (*see* Domestic Relations Law § 236 [B] [3]; General Obligations Law § 5-311; *cf. Curran v Curran,* 169 AD2d 975, 976 [1991]). Indeed, the parties both indicate that plaintiff is entitled to receive an additional $50,000 or to recover the marital home through foreclosure under the 1998 modification of the stipulation.* Accordingly, Supreme Court properly denied plaintiff's motion.

---

* Plaintiff is entitled to summary judgment in her foreclosure action against the Alaliewies (*see Marshall v Alaliewie* [Appeal No. 92863], 304 AD2d 1026 [2003] [decided herewith]). Further, we observe that plaintiff's argument that she is entitled to rescission of the parties' 1998 agreement

We further conclude that plaintiff is not entitled to a one-half share of the proceeds from the sale of timber on the parties' real property. Although plaintiff was aware of the sale of the timber prior to entering into the 1998 agreement, she nevertheless agreed that defendant would pay her $100,000 "as and for her equitable distribution" of the parties' real property. Under this limitation in the 1998 agreement, plaintiff waived all rights to proceeds from the sale of the timber.

We have considered plaintiff's remaining contentions and find them lacking in merit.

Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

due to defendant's alleged breach of that agreement is not properly presented for our review in this action. In any event, this Court has affirmed the denial of plaintiff's motion for summary judgment seeking the same relief in a separate action (Marshall v Alaliewie [Appeal No. 92894], 304 AD2d 1032 [2003] [decided herewith]).