■ BARBARA MARSHALL, Formerly Known as BARBARA HOULE, Appellant, v ABDALLATIEF ALALIEWIE et al., Defendants, and RICHARD HOULE, Respondent. [756 NYS2d 914] —Mercure, J. Appeal from an order of the Supreme Court (Lamont, J.), entered September 23, 2002 in Schoharie County, which, inter alia, denied plaintiff's motion for partial summary judgment.

Plaintiff seeks rescission of a 1998 agreement with defendant Richard Houle amending a 1996 stipulation of settlement, which was incorporated but not merged into plaintiff's and

* No appeal lies from the denial of plaintiff's motion to reargue (see Matter of Town of Poestenkill v New York State Dept. of Envtl. Conservation, 229 AD2d 650, 651 [1996]; cf. CPLR 5701 [a] [2] [viii]).

Houle's judgment of divorce.* Plaintiff contends that Houle failed to comply with a provision in the 1998 agreement that she claims required him to pay her $50,000 on May 1, 2001. By notice of motion dated June 21, 2002, plaintiff moved for leave to serve an amended complaint and for an order granting partial summary judgment against Houle on the issue of liability. Supreme Court granted plaintiff leave to file an amended complaint but denied her motion for partial summary judgment against Houle. Plaintiff appeals.

Plaintiff asserts that she was entitled to payment under the provision of the parties' 1998 agreement requiring Houle to pay her $50,000 "when the balloon payment becomes due from [defendants Abdallatief Alaliewie and Nora Alaliewie] in three years" under a purchase money mortgage on certain property. Rescission, however, " 'is to be invoked only when there is lacking complete and adequate remedy at law and where the *status quo* may be substantially restored' " (*Sokolow, Dunaud, Mercadier & Carreras v Lacher*, 299 AD2d 64, 71 [2002], quoting *Rudman v Cowles Communications*, 30 NY2d 1, 13 [1972]). Here, plaintiff has an adequate remedy at law—a breach of contract action for damages. Thus, Supreme Court properly denied plaintiff's motion for partial summary judgment. We have considered the parties' remaining contentions and find them to be meritless.

Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

* A more detailed recitation of the background facts concerning plaintiff's and Houle's divorce and their subsequent litigation is provided in our decisions in *Houle v Houle* (304 AD2d 992 [2003] [decided herewith]) and *Marshall v Alaliewie* (304 AD2d 1032 [2003] [decided herewith]).