■ In the Matter of PATRICIA H. WASYLIW, Respondent, v JEFFREY C. SMITH, Appellant. [794 NYS2d 507]—

Kane, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered March 9, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior order of support.

The parties are the divorced parents of one child. Their 1988 separation agreement provided that respondent "shall pay to [petitioner] as and for the support of the child such sums as the parties may agree upon but not less than $75.00 per week, during the child's minority." The agreement provided that respondent would pay additional support in the form of medical insurance and that the parties would each contribute to the child's college expenses in proportion to their respective incomes. If the child sought higher education, "the parties agree[d] that any monthly support payable to [petitioner] under this agreement, shall not be affected in any way until emancipation of the child." Respondent regularly paid petitioner $75 per week under the agreement, as well as his proportion of the child's college expenses. Petitioner filed a petition to modify or enforce the separation agreement's support provisions, seeking 17% of respondent's income as child support.

At a hearing, the parties stipulated that they would cover all of the child's college expenses in their pro rata shares, with respondent's share amounting to 64%. They disagreed as to whether petitioner was entitled to an upward modification of the weekly child support payments. Following the hearing, the Support Magistrate increased respondent's support payments to $725.33 per month retroactive to the date the petition was filed. Respondent filed objections to the Support Magistrate's findings. Family Court denied the objections and affirmed the decision, prompting respondent to appeal.

Family Court properly determined that a higher amount of child support was appropriate. "A separation agreement is a contract subject to the principles of contract construction and interpretation" (*Matter of Meccico v Meccico*, 76 NY2d 822, 823-

824 [1990] [citation omitted]). Where the agreement's language is clear and unambiguous, the court must determine the intent of the parties based on that language without resorting to extrinsic evidence (*see id.* at 824; *Matter of Kurzon v Kurzon*, 246 AD2d 693, 694 [1998]). The separation agreement here stated that weekly support would be paid in an amount agreed upon by the parties, with a minimum amount of $75. When petitioner no longer agreed to accept the minimum amount, she was free to seek an appropriate amount by filing a support petition. She was not actually seeking to deviate from the separation agreement, but to enforce the agreement by determining an amount when the parties could not agree as contemplated by that agreement (*see Matter of Antes v Miller*, 304 AD2d 892, 893 [2003]).

Under the terms of the agreement, petitioner only needed to demonstrate that the amount set as the minimum monthly child support was no longer reasonable. In the 14 years that had passed since the separation agreement was signed, respondent's income had more than doubled, the child was enrolled in college and petitioner had increased expenses related to the child. Under the circumstances, given the parties' inability to agree upon an acceptable amount of support to meet the child's needs, the Support Magistrate was required to determine respondent's child support payments pursuant to the Child Support Standards Act (hereinafter CSSA; *see Matter of Thomas v DeFalco*, 270 AD2d 277, 278 [2000]).

Respondent contends that the Support Magistrate improperly applied the CSSA formula by failing to credit respondent for amounts that he paid toward the child's college expenses. The separation agreement sets out two separate obligations for respondent, one for a weekly sum as child support payments and the other for educational expenses. The agreement's language indicates that the parties intended respondent's payment of college expenses to be in addition to the weekly support payments, not an offset against those payments (*compare Matter of Kurzon v Kurzon, supra*). In any event, the Support Magistrate properly considered respondent's payments towards college expenses and petitioner's decreased expenses while the child was away at college by applying the CSSA formula only to a combined parental income of $80,000, rather than the parties' actual combined income, resulting in a savings to respondent of almost $475 per month. Thus, the Support Magistrate appropriately determined respondent's monthly support payments under the CSSA.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.