■ JOAN P. MILLS, Respondent, v HERBERT R. MILLS, SR., Appellant. [802 NYS2d 796]—

Kane, J. Appeals (1) from an order of the Supreme Court (Ceresia, Jr., J.), entered February 25, 2004 in Rensselaer County, which granted plaintiff's motion to enforce the terms of the parties' separation agreement, and (2) from an order of said court, entered June 23, 2004 in Rensselaer County, which established the amounts of current support payments and arrears owed by defendant to plaintiff.

The parties, former spouses, entered into a separation agreement that was incorporated into, but not merged with, their 1986 judgment of divorce. At the time of the divorce, defendant was retired from the United States military and was receiving a military pension, as well as disability payments from the Veterans Administration based on a 10% disability. Pursuant to the separation agreement, defendant agreed to pay plaintiff $533.65 per month, which, at that time, represented one half of his gross retirement pay less his disability compensation. He also agreed to increase his payments by one half of any increases attributable to his retirement pay, again less his disability compensation. These payments were made until August 2003, when defendant was reclassified as 100% disabled, which resulted in his disability pay totally offsetting his pension payments. Plaintiff commenced this action to enforce the parties' separation agreement, claiming that defendant violated the agreement by refusing to make any payments to her. Supreme Court ordered defendant to pay plaintiff $533.65 per month with increases, pursuant to the agreement. The parties then stipulated to the amount of arrears and the present value of required payments. Defendant appeals.

Because the parties agreed that defendant would pay plaintiff a minimum monthly payment, we affirm. A separation agreement is a legally binding, independent contract between the parties so long as it is not merged into the divorce decree (*see Matter of Antes v Miller*, 304 AD2d 892, 893 [2003]). We must interpret the agreement to assess the parties' intentions not only from the literal language, but also considering "whatever may be reasonably implied from that literal language" (*Hewlett v Hewlett*, 243 AD2d 964, 966 [1997], *lvs dismissed* 91 NY2d 887 [1998], 95 NY2d 778 [2000]; *see Matter of Antes v Miller*, *supra* at 893). In paragraph seventh of the agreement, the par-

ties called the payments to plaintiff "a distributive award and property right," as well as "support and maintenance." The payments were expressly deemed taxable income to plaintiff and deductible by defendant, implying that these are support payments. The agreement also acknowledges, before specifying the amount and calculations for these payments, that defendant "receives, and shall continue to receive, during the course of his life, a military pension," recognizing the parties' intention that plaintiff would receive payments for the duration of defendant's life.

Although "a court in an action for divorce or separation cannot order as spousal maintenance the allocation of compensation received by a veteran derived from military pay waived in order for the retiree to receive veteran's disability benefits[,] . . . parties are free to contractually determine the division of these benefits and a court may order a party to pay such moneys to give effect to such an agreement" (*Hoskins v Skojec*, 265 AD2d 706, 707 [1999], *lv denied* 94 NY2d 758 [2000]; *see* 10 USC § 1408). Here, Supreme Court merely required the parties to abide by their voluntary agreement that defendant would pay plaintiff a minimum amount of support, regardless of the source of the funds.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, with costs.