*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 22, 2015                    518611
_____

U.W. MARX, INC.,
                         Appellant,

       v

KOKO CONTRACTING, INC.,
                         Respondent.

(Action No. 1.)
_____          MEMORANDUM AND ORDER


KOKO CONTRACTING, INC.,
                         Respondent,

       v

U.W. MARX, INC., et al.,
                         Appellants,
                         et al.,
                         Defendant.

(Action No. 2.)
_____


Calendar Date:   November 13, 2014

Before:   Peters, P.J., Lahtinen, Garry, Rose and Egan Jr., JJ.

                         _____


        Mastropietro Law Group, PLLC, Saratoga Springs (Eric W.
Gentino of counsel), for appellants.

        Milber Makris Plousadis & Seiden, LLP, Woodbury (Joseph J.
Cooke of counsel), for respondent.

                         _____

Rose, J.

        Appeals (1) from an order of the Supreme Court (Connolly,
J.), entered October 28, 2013 in Rensselaer County, upon a

decision of the court, among other things, partially in favor of plaintiff in action No. 2, and (2) from the judgment entered thereon.

U.W. Marx, Inc., as the general contractor on a school construction project, entered into a subcontract with Koko Contracting, Inc. for roofing work. After not being paid for three months of work despite repeated demands for payment, Koko ceased performing any work on the site on October 31, 2007. By letter dated November 3, 2007, Marx gave Koko three days' notice to cure its alleged default of, among other things, failing to provide workers on the job. On November 6, 2007, Koko belatedly provided Marx with the seven days' notice of its suspension of work based on nonpayment as called for in section 4.7.1 of the subcontract. Marx ultimately declared Koko in default and terminated the contract based on Koko's removal of its workers. These actions followed.[1]

After a nonjury trial, Supreme Court fully credited the testimony of Koko's owner and discredited the testimony of Marx's witnesses, finding the latters' testimony to be conclusory and unsupported by documentary evidence. Accordingly, the court concluded that, among other things, Marx's reasons for withholding progress payments were unsubstantiated and unjustified, and it found that Marx's failure to pay was a material breach of the contract. Judgment was then entered in Koko's favor. Marx and its surety, Continental Casualty Company, now appeal.

Marx and Continental do not contest the finding that Marx materially breached the contract well before the last day that Koko's forces were on the job. Rather, they argue that Koko is precluded from recovery because it suspended its work on the project without complying with the provisions of section 4.7.1 of the contract. That section, a standard form clause drafted by the American Institute of Architects, provides as follows:

---

[1] These actions have previously been before us (97 AD3d 893 [2012]).

> "If the Contractor does not pay the
> Subcontractor through no fault of the
> Subcontractor, within seven days from the
> time payment should be made as provided in
> this Agreement, the Subcontractor may,
> without prejudice to any other available
> remedies, upon seven additional days'
> written notice to the Contractor, stop the
> [w]ork of this Subcontract until payment
> of the amount owing has been received.
> The Subcontract Sum shall, by appropriate
> adjustment, be increased by the amount of
> the Subcontractor's reasonable costs of
> demobilization, delay and remobilization."

Clearly, Koko was not in compliance with this section, as it had ceased performing work on October 31, 2007 and did not give notice of its suspension until November 7, 2007. Nevertheless, as found by Supreme Court, Marx had materially breached the contract by failing to make three successive progress payments that Koko was entitled to receive (see e.g. Serena Constr. Corp. v Valley Drywall Serv., 45 AD2d 896, 896 [1974], lv denied 35 NY2d 642 [1974]). Marx's prior material breach was an uncured failure of performance that relieved Koko from performing its remaining obligations under the contract (see Restatement [Second] of Contracts § 237; see generally J. Petrocelli Constr., Inc. v Realm Elec. Contrs., Inc., 15 AD3d 444, 446 [2005]; Sunshine Steak, Salad & Seafood v W.I.M. Realty, 135 AD2d 891, 892 [1987]; Allbrand Discount Liqs. v Times Sq. Stores Corp., 60 AD2d 568, 568 [1977], lv denied 44 NY2d 642 [1978]; see also Framingham Heavy Equip. Co., Inc. v John T. Callahan & Sons, Inc., 61 Mass App Ct 171, 179-180 [2004] [holding that general contractor's failure to pay excused subcontractor from having to comply with notice provisions of AIA section 4.7.1]).

Put another way, Marx cannot preclude Koko from recovering for Marx's material breach of the contract by relying on Koko's subsequent failure to comply with a clause that inures to Koko's benefit. Nor can we agree with Marx and Continental that Supreme Court's determination rendered the clause meaningless. In our view, the clause has meaning inasmuch as it is designed to

protect the subcontractor and to compensate it in the event that it has to stop work for nonpayment and then remobilize. Koko's failure to comply with the clause would preclude it from recovering remobilization costs in the event that it resumed work. Koko also put itself at risk that, if the court had determined that Marx's nonpayment did not breach the contract, the work stoppage without compliance with the notice provision of the clause would then be considered a breach, leaving Koko liable for the resulting damages.[2] Accordingly, under the circumstances as found by Supreme Court, Koko's failure to strictly comply with section 4.7.1 does not provide a basis to disturb the judgment in Koko's favor.

Peters, P.J., Lahtinen, Garry and Egan Jr., JJ., concur.

ORDERED that the order and judgment are affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2] We note that the AIA form clause is similar to General Business Law § 756-b, which sets forth a procedure by which a subcontractor may suspend performance for nonpayment without being considered to be in breach of the contract (see General Business Law § 756-b [2] [a] [iii]).