◾ JANE SLEZAK, as Executor of CECELIA SLEZAK, Deceased, et al., Respondents, v STEWART'S SHOPS CORP., Appellant. [20 NYS3d 704]—

McCarthy, J.P. Appeal from an order of the Supreme Court (J. Sise, J.), entered October 28, 2014 in Montgomery County, which denied defendant's motion to dismiss the complaint.

Plaintiffs commenced this action seeking rescission in connection with their sale of two parcels of real property to defendant. The terms of the sale were set forth in two agreements between the parties, an option agreement and an escrow agreement, both of which contained provisions related to holding funds in relationship to a potential need for environmental remediation of the real property. Defendant moved to dismiss the complaint alleging that it failed to state a cause of action (*see* CPLR 3211 [a] [7]), was precluded by documentary evidence (*see* CPLR 3211 [a] [1]) and was barred by the defense of payment (*see* CPLR 3211 [a] [5]). Supreme Court denied the motion, and defendant now appeals.

Initially, we conclude that plaintiffs have stated a cause of action, although not one for the equitable relief that they seek. The resolution of a motion to dismiss for failure to state a cause of action requires that we "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *accord Zito v New York City Off. of Payroll Admin.*, 130 AD3d 1326, 1328 [2015]). Liberally construed, plaintiffs' complaint alleges that defendant, as a result of depleting the escrow fund, failed to pay them the contractually required purchase price for the properties, and that, therefore, they should be entitled to such properties and any improvements made to them. These allegations of failure to pay pursuant to the terms of a valid contract—or valid contracts—are sufficient to establish a cause of action for breach of contract (*see generally U.W. Marx, Inc. v Koko Contr.,*

*Inc.*, 124 AD3d 1121, 1122 [2015], *lv denied* 25 NY3d 904 [2015]; *Marshall v Alaliewie*, 304 AD2d 1026, 1027 [2003]). Nonetheless, because these allegations of damages in the form of nonpayment would be entirely remedied by any successful breach of contract claim, the equitable relief of rescission is unavailable; rescission can only be invoked "when there is lacking complete and adequate remedy at law and where the status quo may be substantially restored" (*Rudman v Cowles Communications*, 30 NY2d 1, 13 [1972] [italics omitted]; *see Marshall v Alaliewie*, 304 AD2d at 1027).

Plaintiffs' cause of action for breach of contract survives defendant's remaining contentions. If documentary evidence contains a relevant ambiguity, such evidence cannot justify the dismissal of a cause of action (*see Weston v Cornell Univ.*, 56 AD3d 1074, 1075 [2008]; *Mendelovitz v Cohen*, 37 AD3d 670, 671 [2007]). Although the two agreements that defendant submitted contain provisions regarding environmental remediation, neither contains clauses adequately specifying the circumstances in which use of the escrow funds for environmental remediation was proper. Accordingly, the documentary evidence does not utterly establish that defendant's environmental remediation expenditures were justified by the relevant contracts (*see Weston v Cornell Univ.*, 56 AD3d at 1075-1076; *Mendelovitz v Cohen*, 37 AD3d at 680-671).

Further, given that the adequacy of defendant's payment is entirely based on the appropriateness of the environmental remediation expenditures, the same ambiguity prevents defendant from establishing the defense of payment as a matter of law (*compare Parkoff v Stavsky*, 109 AD3d 646, 648 [2013], *lv denied* 22 NY3d 864 [2014]). Finally, defendant's proof of the transfer of title did not extinguish, by merger, plaintiffs' contractual rights regarding payment in relationship to the funds held in escrow. Contractual provisions regarding the sale of real estate are not merged into a deed and extinguished if the parties demonstrated an intent that such provisions would survive transfer of title (*see Sicignano v Dixey*, 124 AD3d 1301, 1304 [2015]; *Arnold v Wilkins*, 61 AD3d 1236, 1236 [2009]). The provision in the option agreement regarding environmental remediation explicitly states that it survives the closing, and the separate escrow agreement was, as plaintiffs concede, executed at the closing (*see Sicignano v Dixey*, 124 AD3d at 1304). Accordingly, defendant's submissions did not establish that contractual rights related to the escrow holdings extinguished upon transfer of title. Defendant's remaining contentions are without merit. Plaintiffs' argument that the record is

incomplete, raised for the first time at oral argument, is unpreserved (*see Matter of Citizens for St. Patrick's v City of Watervliet Zoning Bd. of Appeals*, 130 AD3d 1338, 1340 n 3 [2015]). Further, we do not consider plaintiffs' request for relief from certain of Supreme Court's findings given that they did not appeal from the order.

Egan Jr., Lynch and Devine, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to dismiss the cause of action for rescission; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed.