# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**202**

**CAF 15-00142**

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF DOMINIC B.
-----------------------------------------
CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL       MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

LORETTA B., RESPONDENT-APPELLANT.

---

EMILY A. VELLA, SPRINGVILLE, FOR RESPONDENT-APPELLANT.

M. MARK HOWDEN, COUNTY ATTORNEY, LITTLE VALLEY (STEPHEN J. RILEY OF COUNSEL), FOR PETITIONER-RESPONDENT.

BRONWYN E. ENDERS, ATTORNEY FOR THE CHILD, OLEAN.

---

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered January 12, 2015 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, adjudged that respondent had neglected the subject child.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Family Court, Cattaraugus County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother contends that Family Court, in granting the petition, erred in relying on a psychological evaluation of the mother that was not received in evidence. We agree. "[I]t is a fundamental requirement of due process that the decision maker's conclusions must rest solely on legal rules and the evidence adduced at the hearing" (*Matter of Kurzon v Kurzon*, 246 AD2d 693, 695). Indeed, although the parties had expressly stipulated that the evaluation would not be used as evidence in any fact-finding hearing in this matter, or as a basis for seeking to amend the neglect petition, the court relied heavily upon the evaluation in reaching its determination. We conclude under the circumstances of this case that a new fact-finding hearing is required based on the court's violation of the mother's right to due process (*see generally Matter of Thor C. [Carol C.]*, 83 AD3d 1585, 1585). We further conclude that the court's failure to afford the mother the opportunity to cross-examine a key witness, i.e., a caseworker for petitioner, constituted a denial of her right to due process, which also requires reversal (*see Matter of Middlemiss v Pratt*, 86 AD3d 658, 659).

We therefore reverse the order and remit the matter to Family

Court for a new hearing on the petition, if warranted.  In light of information presented at oral argument of this appeal, it appears that a new hearing may no longer be necessary (*see generally Matter of Michael B.*, 80 NY2d 299, 317-318; *Matter of Dashawn N.*, 111 AD3d 640, 640-641; *Matter of Malik S. [Jana M.]*, 101 AD3d 1776, 1777-1778).

Entered:  April 29, 2016                                  Frances E. Cafarell
                                                          Clerk of the Court