■ **MARIA T. CORTESE**, Appellant, v **GARY E. REDMOND**, Respondent. [605 NYS2d 506] —Yesawich Jr., J. Cross appeals (1) from an order of the Supreme Court (White, J.), entered October 27, 1992 in Montgomery County, which partially granted plaintiff's motion for an order directing defendant to pay for support of the parties' child, and (2) from the judgment entered thereon.

The parties to this action were married in 1967 and had two daughters prior to their separation in 1976. The separation agreement they entered into, subsequently incorporated into a Florida decree of divorce, provided, *inter alia*, that defendant would pay monthly child support and that the parties would "share equally the cost of educational expenses incurred by the children * * * including tuition, books, and other study materials, including miscellaneous fees imposed by the educational institution". In 1985, when the parties' eldest daughter was entering college, plaintiff moved for a modification of these terms. Finding that circumstances existed to justify doing so, Supreme Court granted the motion. Although defendant was ordered to pay the college costs of both children, the court limited this obligation to no more than "Ten Thousand ($10,000.00) Dollars per year per child for a maximum period of four years for each child". Defendant paid for his eldest daughter's education, but refused to pay expenses for the younger daughter, Elaina, when she resumed her education after a short break in 1991, on the ground that his obligation to do so terminated when she reached age 21 on February 2, 1991.

This refusal prompted plaintiff to move for an order directing defendant to pay the amounts expended for Elaina's college education in 1991 and 1992. Concluding that its prior order did not address the question of support beyond the age of majority, and also that the agreement did not mandate continuing support beyond the age of 21, Supreme Court ordered payment of only those expenses incurred prior to Elaina's 21st birthday. Judgment was entered accordingly and both parties appeal.

Contrary to plaintiff's contention, nothing in Supreme Court's 1985 decision suggests that it was faced with, or intended to address, the question of whether the parties would be responsible for college expenses after the children passed their 21st birthdays. There being no indication that the issue

was even litigated, the court's imposition of a four-year upper limit on the duration of payments cannot be viewed as implicitly directing that payments must continue for full four years, regardless of the child's age. Nor may the doctrine of res judicata be applied on the basis that the issue could have been litigated in 1985, for at that time any assumption with regard to the expenses at issue was merely speculative (cf., *Gilkes v Gilkes*, 150 AD2d 200, 201).

Absent an agreement to the contrary, a parent's obligation to support his or her child does not extend beyond that child's 21st birthday (see, *Vicinanzo v Vicinanzo*, 193 AD2d 962). Whether the agreement at hand was intended to so provide must be determined in conformity with ordinary contract law (see, *Gray v Pashkow*, 79 NY2d 930, 932); thus, any ambiguity in the agreement's terms must be resolved by determining the parties' intent at the time of contracting, either from within the four corners of the document, if possible, or, as a last resort, from whatever extrinsic evidence is available (see, *Gentry v Stevens*, 145 AD2d 532, 533).

Here, the document itself furnishes little assistance in determining whether the term "children", as used in the disputed clause, was intended to be utilized interchangeably with "minor children" or in contrast thereto. Inasmuch as the record in this regard was not developed by the parties—they appear to have been laboring under a misconception as to the applicable legal standard—the matter is remitted to enable them to tender any appropriate extrinsic evidence they have to offer. This will allow Supreme Court to make the requisite findings of intent.

Finally, we note that should Supreme Court decide that the parties intended their obligations under the agreement to terminate as of Elaina's 21st birthday, defendant's contribution toward tuition and expenses for her "semester in Spain" must be limited to the portion of those amounts allocated to the time period prior to February 2, 1991 (see, *Hirsch v Hirsch*, 142 AD2d 138, 145), or approximately one fifth of the total sum charged for that semester.

Mikoll, J. P., Mercure, Crew III and Cardona, JJ., concur. Ordered that the order and judgment are reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.