■ In the Matter of CECILIA WALSH, Respondent, v WILLIAM KARAMITIS, Appellant. [738 NYS2d 143] —Carpinello, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered July 11, 2000, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in willful violation of a prior order of support.

The instant appeal is yet another chapter in years of litigation between these divorced parties, who are the parents of four children. Primarily at issue on this appeal is a finding by a Hearing Examiner, affirmed by Family Court, that respondent, himself a former attorney, willfully violated prior court orders defining his obligation to financially support his children, namely, to reimburse petitioner for unreimbursed medical expenses and college expenses.[1] Also at issue is whether petitioner presented sufficient factual evidence to support the amount awarded to her for college expenses, whether respondent's obligation to pay child support for an unemancipated child should be suspended because petitioner engaged in a course of conduct to interfere with his visitation, whether Family Court erred in not ordering a psychological evaluation of this child and certain evidentiary rulings. Finding each of respondent's arguments to be without merit, we affirm.

Respondent challenges the finding of contempt against him as "erroneous as a matter of law." He asserts that no order directs him to reimburse petitioner for uninsured medical, dental and/or orthodontic expenses and that no order informed him that he had a duty to respond to petitioner's requests for reimbursement of his children's college expenses. Suffice it to say, the parties' 1985 separation agreement, which is incorporated but not merged into their judgment of divorce, as well as Family Court orders entered March 6, 1992 and December 2,

---

1. Of note, the record in this matter is voluminous, over 2,000 pages, and both the Hearing Examiner and Family Court issued lengthy, thoughtful decisions covering all disputed issues.

1994, clearly and unambiguously obligated respondent to satisfy each of these financial obligations, and respondent's attempts to suggest otherwise are patently meritless. The separation agreement acknowledges the "utmost importance" of a college education for the parties' children, as well as each parties' "intention to provide such educational opportunities to the children subject to their respective financial ability to do so at the time." It further provides that "[t]he parties agree to share equally to the extent they are able to do so the financial responsibility to provide each child with up to four (4) years of full-time undergraduate study." Under the final version of the separation agreement, respondent also agreed to cover all "excess" medical costs.[2] Moreover, the March 6, 1992 order unequivocally states that "[r]espondent is responsible to pay to * * * [p]etitioner, a minimum of one-half of all of the parties['] children's college expenses for that amount which is required for the children to attend at a State University of New York college campus" and the December 2, 1994 order notes that respondent "has not paid college, medical and dental expenses" to petitioner. Thus, there is more than adequate record support confirming respondent's legal obligation to reimburse petitioner for these expenses.

Turning to the finding of willfulness, we note that "[a] finding of a willful violation of a child support order 'requires proof of both the ability to pay support and the failure to do so' " (*Matter of Nickerson v Bellinger*, 258 AD2d 688, 688, quoting *Matter of Powers v Powers*, 86 NY2d 63, 68). Here, petitioner established her direct case of a willful violation with proof that respondent failed to reimburse her for college expenses and unreimbursed medical expenses, thus shifting the burden to him "to offer some competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers*, *supra* at 69-70). We need look no further than respondent's own objections to the Hearing Examiner's decision in this case to conclude that he failed in this burden since he himself concedes that he is financially able to pay.[3] Since there can be no doubt that respondent had legitimate child support obliga-

---

**2.** Originally, the typed language of the separation agreement provided that the parties were to "share equally the reasonable medical, dental, including orthodontic costs, prescriptive and optical expenses for the minor children." This language was stricken and a handwritten notation provided that "[respondent] shall pay any excess" costs not covered by insurance.

**3.** For instance, respondent states in his written objections that "[i]t must be emphasized here that respondent has not claimed nor does he claim now that he is financially unable to pay any obligation for which he is lawfully obligated to pay." He later reiterates that his "income has not been an issue in

tions which he was lawfully obligated to pay and that he failed to comply with such obligations though financially able to do so, the finding of contempt was unavoidable.

We also find unavailing respondent's contention that the figure derived by the Hearing Examiner, and upheld by Family Court, concerning his share of college expenses (i.e., $17,811.60) is unsupported by the record. We likewise reject his claim that he is not legally obligated to reimburse petitioner for the children's unreimbursed dental and optical costs because same were not intended to be included within "medical expenses" under the separation agreement. A review of the original version of this provision of the separation agreement and its amendment (*see*, n 2, *supra*) supports Family Court's conclusion that "medical expenses" in this case was intended to include dental and optical costs (*compare, Kromer v Kromer*, 177 AD2d 472 [separation agreement contains no provision at all for payment of unreimbursed medical expenses]).

Lastly, we find no error in Family Court's failure to order a psychological evaluation of the parties' youngest child. The child confirmed his willingness to have contact with respondent and there was no proof that the child suffered from any serious mental or emotional problems which might have warranted such an evaluation (*see, e.g., Perez v Perez*, 239 AD2d 868; *Matter of Hall v Keats*, 184 AD2d 825, 827). In sum, the record is devoid of any showing that an evaluation of the child was required before Family Court could decide the merits of respondent's application to suspend child support based on a claim of parental alienation (*see, Matter of Meyer v Rudinger*, 285 AD2d 714, 714-715; *Matter of Oakley v Oakley*, 263 AD2d 791, 792; *De Waal v De Waal [Sundloff]*, 249 AD2d 1003, 1004). Nor did respondent demonstrate that petitioner frustrated access to this child (*cf., Matter of Kershaw v Kershaw*, 268 AD2d 829, 830).

Respondent's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.

this proceeding or in any other matter before [Family] Court since [he] obtained regular full time employment in 1994 * * * [and that he] has not alleged as a defense in this proceeding a lack of sufficient income to pay any legitimate obligation required of him."