■ In the Matter of TONI RAEDER, Respondent, v LANCE S. SILVERMAN, Appellant. [780 NYS2d 35]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from so much of an order of the Family Court, Suffolk County (Dounias, J.), entered September 16, 2003, as granted the mother's petition and awarded her $7,457.33 for tuition and expenses incurred for the college education of the parties' child, and as denied his objections to so much of an order of the same court (Livrieri, H.E.), dated May 12, 2003, as dismissed his cross petition, inter alia, for a downward modification of his child support obligation.

Ordered that the order entered September 16, 2003, is affirmed insofar as appealed from, with costs.

The parties' judgment of divorce dated January 19, 1988, expressly provided that the Supreme Court "shall retain jurisdiction of the matter (concurrent with the Family Court) for the purpose of specifically enforcing" the parties' separation agreement, which survived and did not merge into the judgment of divorce. Thus, the Family Court properly concluded that the college education provision set forth therein was enforceable and subject to a violation petition (*see Matter of Walsh v Karamitis,* 291 AD2d 749 [2002]). Further, the father failed to demonstrate that due to a substantial, unanticipated, and unreasonable change in circumstances, he should be relieved of his obligation to pay tuition and expenses incurred for the college education of the parties' child, or that he was entitled to a downward modification of his child support obligation (*see Matter of Boden v Boden,* 42 NY2d 210, 213 [1977]; *Beard v Beard,* 300 AD2d 268 [2002]). H. Miller, J.P., Goldstein, Luciano and Spolzino, JJ., concur.