■ Christina M. Cheruvu, Respondent-Appellant, v Sasi K. Cheruvu, Appellant-Respondent. [878 NYS2d 208]—

Stein, J. Cross appeals from an order of the Supreme Court (McNamara, J.), entered April 29, 2008 in Albany County, which, among other things, denied plaintiff's motion for counsel fees.

In this action for divorce, the parties entered into an oral stipulation on the record in open court on March 28, 2007, resolving, among other things, issues of child custody, child support, maintenance and equitable distribution. As pertinent to this appeal, the stipulation provided that the parties would share joint legal custody of their two minor children (born in 1999 and 2000), that defendant (hereinafter the husband) would be responsible for payment of all tuition expenses for the children's primary and secondary school education and that the husband would pay to plaintiff (hereinafter the wife) a $250,000 distributive award within 30 days of entry of a judgment of divorce, as well as child support in the amount of $6,000 per month and durational maintenance in the amount of $4,000 per month commencing April 1, 2007. One month later, at a conference in Supreme Court concerning the application of the husband's attorney to be relieved as his counsel, the husband's new attorney advised the court that he intended to make an application to vacate the stipulation. Supreme Court orally directed that such application be made within 60 days. However, the court advised the husband that the stipulation remained in effect and that his compliance with its terms was required unless and until the stipulation was actually vacated by the court.[1]

In August 2007, the wife moved by order to show cause for the entry of a money judgment to include the $250,000 distributive award, $2,000 for the children's tuition at Albany Academy and $23,500 in maintenance payments, all of which were unpaid, as well as any arrears that accrued while the motion was pending. In addition, the wife sought an award of counsel fees and expenses pursuant to Domestic Relations Law § 238. Supreme Court granted a money judgment in favor of the wife "in the amount of $250,000 plus any outstanding maintenance payments from April 1, 2007 forward," but denied the wife's request for tuition costs and counsel fees. The husband appeals and the wife cross-appeals from Supreme Court's order. We affirm.

We perceive no error in Supreme Court's award to the wife of a money judgment pursuant to Domestic Relations Law §§ 244 and 244-a for all amounts owed with respect to the distributive award and spousal maintenance. Contrary to the husband's

---

1. The husband's new attorney did thereafter move to set aside the stipulation but the motion was denied by Supreme Court and we affirmed that determination on appeal (59 AD3d 876 [2009]).

contention, the court was not required to first hold a hearing as to his ability to pay. A hearing is necessary only where a party, in opposition to a motion made pursuant to Domestic Relations Law § 244, submits "evidentiary proof sufficient to raise a question of fact" (*Paul v Paul*, 200 AD2d 820, 821 [1994], *lv dismissed* 83 NY2d 953 [1994]; *see Felton v Felton*, 175 AD2d 794, 795 [1991]). Here, the husband averred that he was unable to pay the $250,000 distributive award due to the miscalculation of the value of his medical practice, the marital residence and other assets, a decrease in his pay, and the amount of debt he had assumed pursuant to the stipulation. To the extent that the husband made these arguments in his earlier attempt to set aside the stipulation, we have previously considered and rejected them (59 AD3d 876, 878 [2009]). Therefore, they are precluded pursuant to collateral estoppel principles (*see Zinter Handling, Inc. v Britton*, 46 AD3d 998, 1000 [2007]; *Hydro Invs. v Trafalgar Power*, 6 AD3d 882, 884 [2004]). Furthermore, although the husband claimed that he was no longer obligated to pay maintenance because the wife was cohabiting with another man, he made no application to terminate or otherwise modify his maintenance obligation. In any event, the husband's unsupported allegations are insufficient to raise issues of material fact warranting a hearing (*see Gunsburg v Gunsburg*, 173 AD2d 232, 233 [1991]; *see generally Lloyd v Lloyd*, 226 AD2d 816, 817 [1996]).

However, we disagree with the wife's contention that she was also entitled to a money judgment for amounts the husband failed to pay for the children's tuition at Albany Academy for the 2007-2008 academic year. The parties' stipulation provided that defendant would be required to pay "all primary and secondary school education expenses limited to tuition for and on behalf of the parties' two children,"[2] and they expressly acknowledged that the children were attending Albany Academy at that time. While placing the stipulation on the record, the wife's counsel later clarified that the parties had "specifically agree[d] . . . that *for the time being*, it is appropriate that the children continue to attend the Albany Academy" (emphasis added). A month later, the husband indicated his concern regarding his obligation to pay private school tuition for another year and claimed that the stipulation did not specifically require the children to continue to attend Albany Academy. He also expressed his belief that it is in the children's best interests to attend the public schools in the school district of their resi-

---

2. Pursuant to the stipulation, the wife was obligated for all other educational expenses.

dence. When he failed to make the tuition deposit required to reserve the children's spots at Albany Academy for the following academic year, the wife decided to make the payment on her own.

Where a court must interpret a disputed term of a divorce agreement, the inquiry " 'should not be limited to the literal language of the agreement, but should also include a consideration of whatever may be reasonably implied from that literal language' " (*Stewart v Stewart*, 266 AD2d 702, 704 [1999], quoting *Hewlett v Hewlett*, 243 AD2d 964, 966 [1997], *lvs dismissed* 91 NY2d 887 [1998], 95 NY2d 778 [2000]). Here, the parties failed to include in the stipulation any indication that they anticipated that the children would continue to attend Albany Academy—or any other private school—in future school years. Significantly, they clearly envisioned that, as part of their joint legal custody arrangement, decisions regarding the children's education would be made by agreement of both parties. Thus, Supreme Court's finding that "neither party was obligating himself or herself to paying the costs of attending any particular primary or secondary school including Albany Academy" was a reasonable inference based upon the stipulation as a whole. Moreover, inasmuch as the husband made the wife aware of his opposition to the children's continued attendance at that school, we cannot conclude that the responsibility for taking the initiative to attempt to reach an agreement—or, in the absence of an agreement, to seek a court determination as to where the children should attend school—fell on the husband any more than on the wife.

Finally, we are unable to determine whether Supreme Court abused its discretion in denying the wife's request for counsel fees pursuant to Domestic Relations Law § 238. Unlike Domestic Relations Law § 237 (c)—upon which plaintiff now relies in support of her argument—Domestic Relations Law § 238 does not require the court to award counsel fees, even where there has been a willful violation of a court order. Instead, the question of whether to grant an application for counsel fees made pursuant to Domestic Relations Law § 238 is left to the court's sound discretion (*see* Domestic Relations Law § 238; *Webber v Webber*, 30 AD3d 723, 725 [2006]; *Canick v Canick*, 122 AD2d 767, 769 [1986]; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 238). Inasmuch as Supreme Court's decision fails to set forth any basis for its denial of the wife's application, and the record is insufficient to enable us to discern the basis therefor, we remit the issue of counsel fees to that court to articulate its reasons

for such denial or, in the alternative, to reconsider its determination (*see generally Dunne v Dunne*, 172 AD2d 482, 484 [1991]; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 238).

The parties' remaining contentions have been considered and found to be without merit.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for counsel fees; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.