JERROLD H. BJERKE, Respondent, v BARBARA A. BJERKE, Appellant. [892 NYS2d 646]—

McCarthy, J.

In August 2005, the parties placed a settlement stipulation on the record the terms of which were subsequently incorporated

in, but not merged with, their final judgment of divorce. At the time of the stipulation, the parties' oldest child, Thomas, was emancipated, their middle child, Carolyn, was four months from her 21st birthday, and their youngest child, Kyrsten, was 13 years old. The stipulation addressed, among other things, the support obligation of plaintiff (hereinafter the father) for Kyrsten, the father's payment of Carolyn's college expenses and the division of marital assets. By order dated July 18, 2006, Supreme Court held, among other things, that Carolyn was emancipated and that child support for Kyrsten would be adjusted in December 2006. No appeal was taken from the July 18, 2006 order.

Soon thereafter, the parties cross-moved for various forms of relief. Defendant (hereinafter the mother) sought, in part, an order directing an increase in child support pursuant to the parties' stipulation. She also alleged a substantial change in circumstances in that Carolyn had returned to college on a full-time basis. The father sought relief, including an order directing the mother to return funds withdrawn in violation of the stipulation. In opposition, the mother alleged that she had withdrawn the funds with the father's permission. In August 2007, Supreme Court, without conducting a hearing, rendered its decision and order on the record. As relevant to this appeal, the court held that no payment was due with respect to Carolyn's college expenses because she had not actually attended college. The court noted that Carolyn had forged a signature to falsely reflect her enrollment in school. Decision was withheld on the mother's motion seeking modification of the father's support obligation pending a response from the father's employer to the mother's subpoena seeking information regarding his income. In addition, the mother was ordered to return funds that she had withdrawn in violation of the parties' stipulation. A written decision and order was thereafter issued confirming the decision previously placed on the record, prompting the mother's appeal.

According to the parties' oral stipulation, the father was paying $1,000 per month as child support for Kyrsten based upon his Navy income at that time. Future support would be based on the Child Support Standards Act rate of 17% of the father's income (see Domestic Relations Law § 240 [1-b] [b] [3] [i]), to be recalculated each time he receives his semi-annual pay raises. The parties subsequently disagreed as to whether the stipulation was intended to cap child support at 17% of the first $80,000 of the father's income, raising an issue of contract interpretation. "A separation agreement that is incorporated into

but not merged with a divorce decree is an independent contract binding on the parties unless impeached or challenged for some cause recognized by law" (*Merl v Merl*, 67 NY2d 359, 362 [1986] [citations omitted]). In construing the agreement, the parties' intent "must be determined in conformity with ordinary contract law; thus, any ambiguity in the agreement's terms must be resolved by determining the parties' intent at the time of contracting, either from within the four corners of the document, if possible, or, as a last resort, from whatever extrinsic evidence is available" (*Cortese v Redmond*, 199 AD2d 785, 786 [1993] [citations omitted]). Supreme Court deferred interpretation of the stipulation because the mother was waiting for additional information from the Navy regarding the father's income. The determinative issue, however, is the parties' intent at the time the stipulation was entered. Moreover, the father has already provided evidence of his income. Accordingly, we remit to Supreme Court to determine the parties' intent with regard to what portion, if any, of the father's income in excess of $80,000 is to be included in the calculation of child support (*see Matter of Mahoney v Goggins*, 12 AD3d 447, 448 [2004]).

Regarding the father's obligation to pay the college expenses of Carolyn, the emancipated child, we agree with Supreme Court that the stipulation unambiguously obligated the father to pay Carolyn's tuition, room and board so that she could attend Bemidji State University as a full-time student. We disagree, however, with the mother's contention that the father undertook an unconditional, open-ended obligation to fund his daughter's expenses without regard to her actual attendance or performance in school. That position is belied by the stipulation. The mother's counsel expressly acknowledged on the record that the father was paying Carolyn's rent so that she could attend school full time. The father submitted evidence of the school's criteria for full-time student status and evidence that Carolyn failed to meet that criteria. At the same time, however, the order declaring Carolyn emancipated did not necessarily forever eliminate the obligation that the father voluntarily undertook to pay Carolyn's college expenses (*see Matter of Antes v Miller*, 304 AD2d 892, 892-893 [2003]; *Streuli v Streuli*, 60 AD2d 829 [1978]), as Carolyn's unemancipated status may be revived upon a proper showing (*see Matter of Kendall v Fazzone*, 18 AD3d 908 [2005]; *Matter of Bogin v Goodrich*, 265 AD2d 779, 781 [1999]). The father paid Carolyn's expenses until it was clear that she was consistently failing, dropping classes and not attending school full time. While the mother submitted evidence indicating that Carolyn subsequently returned to school full time, we are unable to ascertain from the stipulation whether the parties

intended that the father's obligation to pay her expenses would continue indefinitely. We therefore remit to Supreme Court for a hearing to determine whether the father has failed to pay Carolyn's college expenses for any period during which Carolyn actively attended college as a full-time student in accordance with the parties' intention.

Finally, the mother's affidavit in support of her claim that she and the father orally modified the stipulation to allow her to withdraw all of the funds in a certificate of deposit also raised an issue of fact sufficient to warrant a hearing.

Peters, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by deleting so much thereof as directed defendant to return $5,000 from the proceeds of a certificate of deposit and found that Carolyn has not attended college full time; matter remitted to the Supreme Court for a determination as to child support for Kyrsten and a hearing with respect to the alleged oral modification of the parties' stipulated settlement regarding funds in a certificate of deposit and the full-time college attendance status of Carolyn; and, as so modified, affirmed.