■ LILLIAN T. DESAUTELS, Appellant-Respondent, v ROBERT A. DESAUTELS, Respondent-Appellant. [915 NYS2d 337]—

Spain, J. Appeals (1) from an order of the Supreme Court (Nolan Jr., J.), entered November 5, 2009 in Saratoga County, which denied plaintiff's motion for a money judgment pursuant to Domestic Relations Law § 244 and for counsel fees, and (2) from an order of said court, entered November 5, 2009 in Saratoga County, which denied defendant's cross motion to modify the parties' separation agreement.

Plaintiff and defendant were married in 1968 and are the parents of two grown children (born in 1968 and 1969). The parties signed a separation agreement in 1988 which was incorporated into, but not merged with, a judgment of divorce in 1990. At the time of their divorce, the parties continued to own the marital residence, located in the City of Saratoga Springs, Saratoga County. The separation agreement indicates that plaintiff "shall have exclusive possession . . . until such time as the parties make other arrangements." "ARTICLE V: MAINTENANCE OF THE WIFE" provides that defendant agrees to continue to pay "the operating and maintenance expenses of running the household," including the mortgage, utilities, taxes, lawn care and snow removal, plus $100 per week.[1] The parties also agree, in a separate article entitled "COLLEGE EXPENSES," to pay "the reasonable expenses to provide for college education for each child according to their means."

---

**1.** The agreement contains no specific article under the heading of child support. In "ARTICLE IV: CUSTODY AND VISITATION," the parties agree that plaintiff will have custody of the children and that she agrees to "maintain and support [the children] out of maintenance given to [her] by [defendant]."

In 1991, defendant transferred his one-half interest in the marital residence to plaintiff for no monetary consideration. In 2005, defendant commenced an action to impose a constructive trust on his behalf against the marital residence to the extent of a one-half interest and, additionally, to set aside or modify the separation agreement. In March 2007, Supreme Court granted plaintiff summary judgment dismissing that part of defendant's action seeking to modify the separation agreement, but—after a bench trial—imposed a constructive trust upon one half of the former marital residence in defendant's favor and, on appeal by plaintiff, this Court affirmed (*Desautels v Desautels*, 58 AD3d 963 [2009]).

Shortly after Supreme Court's constructive trust decision, plaintiff moved for a money judgment against defendant for arrears that she claimed were due to her under the separation agreement (*see* Domestic Relations Law § 244). Specifically, plaintiff sought (1) $125,076.69 for "operating and maintenance expenses" associated with the marital residence that she had incurred, including necessary maintenance and repairs, telephone services and lawn care and snow removal expenses, (2) defendant's share of their children's college tuition and expenses, and (3) counsel fees incurred as a result of defendant's failure to pay these expenses. Defendant opposed the motion and cross-moved for, among other things, modification of his support obligation under the separation agreement.

Supreme Court, in an order dated December 4, 2008, denied defendant's cross motion, finding that defendant was collaterally estopped from seeking modification of the terms in the separation agreement reasoning that those issues had already been litigated and determined in defendant's prior constructive trust action. After a hearing, in an order dated October 31, 2009, the court denied plaintiff's claim for reimbursement for improvements to the residence. The court found that the costs for renovations were not recoverable because (1) plaintiff herself had paid only a nominal amount for the renovations and (2) the scope of the work exceeded defendant's obligation under the separation agreement to pay for "operating and maintenance expense[s] of running the household." Further, the court determined that plaintiff had released defendant from his obligations under the separation agreement to pay for telephone services, lawn care and snow removal, or at least waived her right to seek reimbursement for those expenses. The court also denied plaintiff's claim for reimbursement of college expenses that she had paid out, finding, in relevant part, that plaintiff had not established that defendant had failed to contribute to

the children's college expenses "according to his means." The court also denied plaintiff's request for counsel fees. Both of the court's orders were entered on November 5, 2009. Plaintiff now appeals from the October 2009 order and defendant appeals from the December 2008 order.

Domestic Relations Law § 244 provides a mechanism by which a court may enter a judgment directing the payment of arrears "[w]here a spouse in an action for divorce . . . defaults in paying any sum of money as required . . . by the terms of an agreement . . . incorporated by reference in a judgment" (Domestic Relations Law § 244; see Holloway v Holloway, 35 AD3d 1126, 1127-1128 [2006]). In order to assess plaintiff's entitlement to a money judgment under Domestic Relations Law § 244, Supreme Court was required to interpret the separation agreement, which "is a legally binding, independent contract between the parties so long as it is not merged into the divorce decree" (Mills v Mills, 22 AD3d 1003, 1003 [2005]) and "must be interpreted so as to give effect to the parties' intentions" (Matter of Heinlein v Kuzemka, 49 AD3d 996, 997 [2008]). "[T]he parties' intent 'must be determined in conformity with ordinary contract law; thus, any ambiguity in the agreement's terms must be resolved by determining the parties' intent at the time of contracting, either from within the four corners of the document, if possible, or, as a last resort, from whatever extrinsic evidence is available' " (Bjerke v Bjerke, 69 AD3d 1042, 1044 [2010], quoting Cortese v Redmond, 199 AD2d 785, 786 [1993]). The court is not "limited to the literal language of the agreement, but should also include a consideration of whatever may be reasonably implied from that literal language" (Hewlett v Hewlett, 243 AD2d 964, 966 [1997], lvs dismissed 91 NY2d 887 [1998], 95 NY2d 778 [2000]; accord Cheruvu v Cheruvu, 61 AD3d 1171, 1174 [2009]).

Here, with regard to her claims under the provision for reimbursement of expenses for telephone services, lawn care and snow removal, plaintiff acknowledged during the hearing that defendant paid her telephone bills until 1993, and only ceased doing so after she verbally agreed to take the responsibility for those bills. She also admitted that defendant personally performed lawn care and snow removal at the residence until defendant deeded her his half of the residence; at that time, she told him that she would take responsibility for those costs and obligations and that he no longer needed to come and perform the work.

Supreme Court's denial of plaintiff's claim for reimbursement for these three specific items of responsibility should be re-

versed. Notwithstanding plaintiff's admissions, the separation agreement contains a provision stating that "[t]he failure of either party to insist in any one or more instances upon the strict performance of any of the terms of this agreement . . . *shall not be construed as a waiver* or relinquishment for the future of any term . . . and the same shall continue in full force and effect. No waiver or relinquishment shall be deemed to have been made by either party, *unless in writing* duly signed by such party" (emphases added). Thus, under the clear, unambiguous terms of the parties' contract, a writing signed by plaintiff was required for her to relinquish or waive her right under the agreement to insist on defendant's performance of its terms. Because there was no signed writing, it was error for the court to find that plaintiff released defendant from his obligations or otherwise waived her right to seek reimbursement for telephone, lawn care and snow removal expenses. Accordingly, this matter should be remitted to Supreme Court for a final determination of the reasonable amount due for said claimed expenses, with due consideration, as the court deems appropriate, to plaintiff's admission that defendant had been performing the lawn and snow removal himself, saving considerable expense, and that the expenses incurred by plaintiff are largely attributable to her release—albeit not enforceable—of his obligation to do so.

However, the bulk of the judgment sought by plaintiff—over $100,000—arises from her claim for reimbursement for repairs and renovations that she performed relating to the residence. The record amply supports Supreme Court's denial of plaintiff's claim for reimbursement for these costs on the basis that they were not within the scope of defendant's obligation by a plain reading of the maintenance provision of the separation agreement, which clearly does not include major repairs and renovations.

As to Supreme Court's denial of plaintiff's claim for reimbursement of the children's college expenses, it is undisputed that defendant paid for the first two years of each child's college education. This undisputed fact, as well as defendant's testimony that he contributed approximately $6,500 to the children's education, which the court found to be credible, fully support the court's finding that plaintiff failed to show that defendant did not contribute to the children's college education according to his means. Moreover, as the court found, it is unclear where plaintiff obtained the money to make the alleged payments that she made to Emerson College; she testified that she earned some of the money, but acknowledged that her mother gave or loaned her some money as well. Thus, under these circum-

stances, and where plaintiff's actual contribution to the expenses cannot be determined from the record, it was not error for the court to find that she has failed to establish her entitlement to reimbursement.

We also reject plaintiff's request that this Court penalize defendant for his willful violation of the agreement by awarding her prejudgment interest. Such an award would be authorized under Domestic Relations Law § 244 if a party's default in payment were willful "in that the obligated spouse knowingly, consciously and voluntarily disregarded the obligation under a lawful court order" (*see Parnes v Parnes*, 41 AD3d 934, 937 [2007]). Here, an award of prejudgment interest would be inappropriate in that either defendant did not default on his obligations under the agreement or his default cannot be said to have been willful because it was based upon "a sincere, though mistaken, belief that payments were not required" (*Parnes v Parnes*, 41 AD3d at 937; *compare Vicinanzo v Vicinanzo*, 233 AD2d 715, 716 [1996]).

Although plaintiff was not automatically entitled to an award of counsel fees because defendant was not found to be in willful violation of a court order, Domestic Relations Law § 238 authorizes a court in its discretion to award counsel fees in an enforcement proceeding to compel the payment of money (*see Cheruvu v Cheruvu*, 61 AD3d at 1175; *Webber v Webber*, 30 AD3d 723, 725 [2006]; *Markhoff v Markhoff*, 225 AD2d 1000, 1002 [1996], *lv denied* 88 NY2d 807 [1996]; *compare* Domestic Relations Law § 237). However, we cannot say that Supreme Court's denial of plaintiff's application for counsel fees was an abuse of discretion given that, among other factors, plaintiff is seeking payment from defendant for maintenance expenses she admittedly told him he did not need to pay.

In defendant's appeal, he challenges Supreme Court's denial of his cross motion for modification of his support obligation, arguing that the court's sua sponte application of collateral estoppel was error. As to the merits, defendant urges that, due to the children's full emancipation, the maintenance provisions of the judgment of divorce should be modified and that portion of his obligations intended to be child support should be eliminated. Although he is correct that plaintiff never raised the affirmative defense of collateral estoppel in response to his cross motion, thereby waiving it (*see* CPLR 3018 [b]; 3211 [a] [5]; [e]; *Braunsdorf v Haywood*, 295 AD2d 731, 732 [2002]), on the merits, defendant's claim that the portion of the separation agreement intended to be child support for his now grown children is ambiguous lacks support in the record. A fair reading of

the document reflects no ambiguity but, rather, that defendant agreed to provide plaintiff with a somewhat generous maintenance package and plaintiff agreed to maintain and support the children out of that maintenance, impliedly waiving child support. Defendant's argument that his maintenance obligations continue to include child support is not convincing. The agreement reflects no provision for basic child support,[2] and defendant has failed to offer any evidence of the hardship necessary to justify a modification (*see* Domestic Relations Law § 236 [B] [9] [b]). Accordingly, defendant's cross motion to modify or adjust his maintenance was properly denied.

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order dated October 31, 2009 and entered November 5, 2009 is modified, on the law, without costs, by reversing so much thereof as denied that part of plaintiff's motion seeking reimbursement for unpaid telephone, lawn care and snow removal expenses; motion granted to said extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the order dated December 4, 2008 and entered November 5, 2009 is affirmed, without costs.

---

2. The "COLLEGE EXPENSES" provision, which is a form of child support (*see* Domestic Relations Law § 240 [1-b] [c] [7]), is not relevant to this analysis.