■ In the Matter of NANCY J. FRANK, Respondent, v KENNETH J. FRANK, Appellant. [931 NYS2d 196]—

Mercure, J.P.

The parties, who were divorced in 2009, are the parents of

three children, born in 1987, 1990 and 1994. By the terms of the separation agreement, which was incorporated, but not merged, into the judgment of divorce, the parties agreed that if any of the children were to attend college full time, each parent would contribute "on an equal basis" to the child's "reasonable educational expenses." When the parties' second child enrolled as an on-campus student at SUNY Fredonia in 2009, he was offered $5,500 in student loans. Against the wishes of respondent (hereinafter the father), the child declined the loans. The father, stating his belief that the child should be responsible for part of his room and board and tuition, deducted the amount of the loans from the child's expenses and paid only half of the remaining balance, prompting petitioner (hereinafter the mother) to commence this violation proceeding. Following a hearing, the Support Magistrate determined that the child is not obligated by the separation agreement to accept any loans and ordered the father to pay one half of the child's total expenses. Family Court denied the father's objections, and he now appeals.

The father concedes that the separation agreement obligates the parties to pay for each child's tuition, fees and books; however, he argues that if the child elects to go away to college, then the parties must come to "a reasonable agreement" regarding how much they will contribute toward the child's total expenses. The father further contends that one factor to be considered in reaching this agreement is the child's own contribution to his or her expenses, be it through loans or other means.

"[A] separation agreement that is incorporated, but not merged, into a divorce de[c]ree is a legally binding independent contract between the parties which must be interpreted so as to give effect to the parties' intentions" (*Matter of Heinlein v Kuzemka*, 49 AD3d 996, 997 [2008]; *see Desautels v Desautels*, 80 AD3d 926, 928 [2011]). Here, the agreement contains no requirement that the children contribute to the cost of their education, nor can such a requirement reasonably be inferred (*see Desautels v Desautels*, 80 AD3d at 928). The agreement does not allude to such a contribution; rather, it specifies that "the parties shall contribute toward payment of the reasonable educational expenses . . . on an equal basis."

Furthermore, the agreement provides that reasonable educational expenses "include tuition, academic fees, and books," and "[i]f the parties agree and a child attends a boarding school . . . [reasonable] educational expenses will also include room and board." The parties attribute different meanings to the phrase "[i]f the parties agree," with the father argu-

ing that it was intended to refer to the parties' agreement as to what amount they would contribute, while the mother testified that it was intended to refer to their agreement as to whether the child could attend a boarding school. We agree with Family Court's resolution of that issue in the mother's favor, and with the court's conclusion that the father did, in fact, agree that the child could attend SUNY Fredonia.

The father's remaining contentions are either unpreserved or without merit.

Malone Jr., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.