In the Matter of ALICIA STEWART, Appellant, v TIMOTHY A. STEWART, Respondent. (And Two Other Related Proceedings.) [940 NYS2d 192]—

Mercure, A.P.J. Appeal from that part of an order of the Family Court of Albany County (M. Walsh, J.), entered October 1, 2010, which, in a proceeding pursuant to Family Ct Act article 4, partially granted respondent's objections to the order of a Support Magistrate.

By the terms of the parties' separation agreement, which was incorporated but not merged into their 2006 judgment of divorce, respondent (hereinafter the father) is required to pay private school tuition for the parties' child (born in 2000) if he is able to do so. That obligation was carried forward when an order modifying child support was entered on consent in 2009. The father thereafter claimed that he could no longer afford to pay for the child's private school education. Petitioner (hereinafter the mother) then sought modification and vacatur of the 2009 order on the basis of newly discovered evidence—specifically, that the father had failed to disclose his ownership interest in certain real property and a real estate business.

A Support Magistrate granted the application and vacated the 2009 order. Following a hearing, the Support Magistrate ordered, as relevant here, that the father continue to pay tuition for the child's private education. The father filed objections, which Family Court granted to the extent of vacating that part of the Support Magistrate's order requiring the father to pay the child's tuition. The mother now appeals, arguing that the court erred in modifying the Support Magistrate's order.

We affirm. " '[A] separation agreement that is incorporated, but not merged, into a divorce decree is a legally binding independent contract between the parties which must be interpreted so as to give effect to the parties' intentions' " (*Matter of Frank v Frank*, 88 AD3d 1123, 1124 [2011], quoting *Matter of Heinlein v Kuzemka*, 49 AD3d 996, 997 [2008]). Here, the parties' separation agreement provides that the father will pay 100% of the child's private school tuition "subject to his ability to do so." The record reflects that tuition at the private school selected by the mother is approximately $4,500 per year. Thus, the sole issue before us is whether the father is currently financially able to pay that amount.

According to the uncontroverted testimony at the hearing, shortly before the parties separated, the father inherited approximately $400,000, of which $220,000 ultimately went to the mother in conjunction with the parties' divorce. The father also loaned $117,000 to a friend to purchase a commercial building. His friend failed to repay the money and, when the property went into foreclosure in 2008, the father borrowed $215,000 from a private lender to purchase the building in an attempt to salvage his investment. He then formed a real estate corporation with his fiancée and borrowed another $50,000 to rehabilitate the property in the hope of selling or renting it.

As of the time of the hearing, the father had never drawn a salary from the corporation. Moreover, the downturn in the real estate market, coupled with problem tenants and the need for extensive repairs, caused the business to suffer financial losses, which are documented on the relevant tax returns. The father testified that no money remains from his inheritance, and he has been unable to pay off any of the $265,000 he borrowed to purchase and repair the property. The mother submitted no evidence to the contrary.

The father is also employed by the Civil Service Employees' Association, where he earned an annual salary of approximately $79,000 in 2009. Family Court correctly found that his monthly income, after taxes and other deductions but without deducting child support, was approximately $4,573, while his monthly ex-

penses, excluding food (an expense covered by his fiancée), were approximately $4,934, resulting in a monthly deficit.

The mother argues that, in arriving at these figures, Family Court failed to account for a pension of $2,639 per year that the father apparently receives from the City of Albany, as well as yearly tax refunds of approximately $10,000. Even if these amounts are added to the father's income, however, any increase would be fully offset by deducting the father's child support payments of approximately $1,000 per month, which the court did not do. Accordingly, we cannot say that the court erred in concluding that the father currently has no source of funds from which to pay the child's private school tuition.

Peters, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.