■ GEORGE F. MOMBERGER, Appellant, v JOAN J. MOMBERGER, Also Known as JOAN F. JAMESON, Respondent. [948 NYS2d 713]—

Mercure, J.P.

In 2007, the parties executed a separation agreement, later incorporated but not merged into their April 2009 judgment of divorce, providing that plaintiff would pay defendant $1,000 a month in maintenance. Under the terms of the agreement, plaintiff's maintenance obligations would be either reduced if defendant inherited over $100,000 or terminated if the inheritance exceeded $200,000. In January 2009, defendant was deeded a remainder interest in her father's residence, which was valued at over $200,000, subject to a life estate retained by the father. Upon the death of defendant's father in 2010, plaintiff claimed that defendant had "inherited" the residence and ceased making maintenance payments. Plaintiff thereafter sought, among other things, an order terminating his maintenance obligation and directing defendant to disclose information related to her inheritance. As relevant here, Supreme Court denied plaintiff's motion, and he now appeals.

We reject plaintiff's challenges to Supreme Court's finding that defendant did not inherit her father's residence for purposes of the separation agreement. Inasmuch as the parties' agreement was incorporated but not merged into the divorce judgment, it remained "a separate contract subject to the rules of contract interpretation" (*Parnes v Parnes*, 41 AD3d 934, 936 [2007]; *see Rainbow v Swisher*, 72 NY2d 106, 109 [1988]). The parties' intent is "determined in conformity with ordinary contract law; thus, any ambiguity in the agreement's terms must be resolved by determining the parties' intent at the time of contracting, either from within the four corners of the document, if possible, or, as a last resort, from whatever extrinsic evidence is available" (*Bjerke v Bjerke*, 69 AD3d 1042, 1044 [2010] [internal quotation marks and citation omitted]; *accord Desautels v Desautels*, 80 AD3d 926, 928 [2011]).

In considering the "plain meaning" of the words and phrases used by the parties in the separation agreement (*Cerand v Burstein*, 72 AD3d 1262, 1265 [2010]), we note that an "inheritance" is commonly defined as property acquired "under the laws of intestacy" or "by bequest or devise" (Black's Law Dictionary 853 [9th ed 2009]). Plaintiff concedes that defendant's father made a valid inter vivos gift of a remainder interest in his residence to defendant, and that interest was indefeasible and immediately vested upon the deed's delivery (*see* EPTL 6-3.4, 6-4.7; Real Property Law § 244; *Moore v Littel*, 41 NY 66, 80 [1869]; *see also Gruen v Gruen*, 68 NY2d 48, 55-56 [1986]). Accordingly, Supreme Court properly concluded that defendant's interest had been transferred prior to her father's death and did not constitute an inheritance for purposes of the separation agreement (*see e.g.* EPTL 3-4.3; *LaBella v Goodman*, 198 AD2d 332, 333 [1993]).*

Plaintiff's remaining arguments, with the exception of his claim that he was entitled to an order directing defendant to disclose information regarding the extent of her father's bequest to her, have been considered and found to lack merit. With respect to disclosure, the separation agreement requires defendant to deliver to plaintiff "all papers and instruments necessary to carry out and/or verify compliance with" its terms. Defendant's right to maintenance would be affected if she inherited over $100,000, but she has not documented the extent of her in-

---

* Pursuant to a separate agreement between defendant and her father, she promised to equally divide the net proceeds of any sale of the residence with her two siblings. The agreement specifies, however, that any obligation to her siblings would in no way impair her "unconditional owner[ship]" of the residence.

heritance or disclosed the terms of her father's will. Her assertion, in general terms, that the inheritance was minimal, does not relieve her of the obligation to provide plaintiff with documentation establishing the extent of her inheritance.

Rose, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for an order directing defendant to provide information related to her inheritance from her father; said motion granted to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.