State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  January 8, 2015                    519451
_____

In the Matter of DAVID C.
    BRENNAN,
                        Appellant,
        v                                    MEMORANDUM AND ORDER

LAURA KESTNER, Formerly Known
    as LAURA KESTNER-BRENNAN,
                        Respondent.
_____

Calendar Date:  November 19, 2014

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

Young, Sommer, Ward, Ritzenberg, Baker & Moore, LLC, Albany (Stephen C. Prudente of counsel), for appellant.

Gordon, Tepper & DeCoursey, LLP, Glenville (Jennifer Powers Rutkey of counsel), for respondent.

Eric R. Gee, Albany, attorney for the child.

_____

Rose, J.

Appeal, by permission, from an order of the Family Court of Albany County (Kushner, J.), entered July 25, 2014, which, in a proceeding pursuant to Family Ct Act article 6, partially granted respondent's motion to dismiss the petition.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of a son born in 2005.  The parties' separation agreement, which was incorporated but not merged into the judgment of divorce, provides that they share nearly equal parenting time and joint

legal custody of the child, with the mother having primary physical custody. At the time the parties separated in 2012, they enrolled the child in first grade at St. Pius X Catholic School in Albany County. According to their separation agreement, the father is to pay the costs incurred for the child to attend St. Pius, and "the child shall attend school in the district where the [m]other resides should the child no longer attend St. Pius." The agreement also provides that the parties may relocate within Albany, Rensselaer, Saratoga or Schenectady Counties.

When the mother moved to the Town of Malta, Saratoga County in the summer of 2013 and expressed her desire to enroll the child in the public school district there, the father objected and the child continued to attend St. Pius. The mother again raised the issue that winter and, when she persisted the following summer, the father commenced this proceeding seeking, among other things, to modify the agreement to give him decision-making authority over whether the child would continue to attend St. Pius. The mother then moved to dismiss the petition and Family Court partially granted the motion without a hearing, holding that the agreement allowed her to relocate to Saratoga County and anticipated that the child would not necessarily attend St. Pius, in which case he was required to attend school in the mother's district. Accordingly, the court found that the father had failed to state a prima facie case for modification of the decision-making authority over where the child attends school. The father appeals.

We must agree with the father's contention that Family Court erred by failing to hold a hearing and by misconstruing the separation agreement so as to give the mother the unilateral ability to withdraw the child from St. Pius. A separation agreement incorporated but not merged into a divorce judgment is an independent contract that "'must be interpreted so as to give effect to the parties' intentions'" (Matter of Stewart v Stewart, 93 AD3d 907, 908 [2012], quoting Matter of Frank v Frank, 88 AD3d 1123, 1124 [2011]; accord Desautels v Desautels, 80 AD3d 926, 928 [2011]). Here, Family Court misconstrued the agreement to the extent that it concluded that the mother's relocation controlled the choice of school. While the agreement provides that the

child will attend school in the mother's district should he no longer attend St. Pius, it does not specifically address any event that would result in the child no longer attending St. Pius. Inasmuch as St. Pius has no high school, the child will necessarily cease attendance there at the end of the eighth grade. Until then, because the parties have joint legal custody, the decision to withdraw the child must be based on their mutual agreement (see e.g. Mann v Mann, 83 AD3d 1146, 1147 [2011]).

Finally, the father set forth detailed allegations regarding the parties' disagreement as to the child's continued attendance at St. Pius. Liberally construing these allegations, the father has "set forth sufficient facts which, if established at an evidentiary hearing, could afford a basis for granting the relief sought" (Matter of Schnock v Sexton, 101 AD3d 1437, 1438 [2012]; see Matter of Twiss v Brennan, 82 AD3d 1533, 1535 [2011]; Matter of Williams v Mullineaux, 271 AD2d 869, 870 [2000]).

Lahtinen, J.P., Garry and Devine, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as partially granted respondent's motion and dismissed that part of the petition seeking to modify the separation agreement regarding decision-making authority over whether the child would continue to attend St. Pius Catholic School through eighth grade; motion denied to that extent and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court