■ EILEEN MANTOVI, Respondent, v LAWRENCE MANTOVI, Appellant. [50 NYS3d 515]—Appeal by the defendant from an order of the Supreme Court, Nassau County (Margaret C. Reilly, J.), dated June 22, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to direct the defendant to transfer to the plaintiff her marital share of his IRA brokerage account at UBS and for an award of an attorney's fee in the sum of $15,000.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for an award of an attorney's fee in the sum of $15,000; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of that branch of the plaintiff's motion.

In this matrimonial action, the parties were divorced by a judgment of divorce entered December 22, 2008. After the judgment of divorce was entered, the parties engaged in further litigation, which they resolved with a so-ordered stipulation dated April 4, 2011. The plaintiff subsequently moved, inter alia, for an order directing the defendant to comply with the terms of the stipulation by transferring to the plaintiff her marital share of the defendant's IRA brokerage account with UBS. The plaintiff also sought an award of an attorney's fee in the sum of $15,000. The Supreme Court granted those branches of the motion, and the defendant appeals.

Contrary to the defendant's contention, the stipulation, which was executed three years after the parties' divorce, is not governed by Domestic Relations Law § 236 (B) (3), and did

not need to be acknowledged. The defendant's remaining contentions on this issue are without merit.

However, the Supreme Court erred in granting that branch of the plaintiff's motion which was for an award of an attorney's fee in the sum of $15,000 without explaining its reasoning for awarding that sum. As the record is insufficient to permit us to determine the appropriate attorney's fee award, we remit the matter to the Supreme Court, Nassau County, for a new determination of that branch of the plaintiff's motion (*see Cheruvu v Cheruvu*, 61 AD3d 1171, 1174 [2009]). Mastro, J.P., Chambers, Miller and Maltese, JJ., concur.