Aarons, J. (concurring in part and dissenting in part). I agree with the majority’s conclusion that respondent (hereinafter the mother) willfully violated her obligations to make financial contributions towards the child’s higher education costs and that Family Court erred in directing that the payments by the mother be made through the Child Support Collection Unit. My divergence with the majority stems from the interpretation of the separation agreement’s provision governing the payment of the child’s college tuition and expenses. In my view, Family Court reasonably interpreted such provision as requiring petitioner (hereinafter the father) and the mother to contribute equally towards the child’s college tuition and expenses. Accordingly, I respectfully concur in part and dissent in part. A separation agreement that is incorporated, but not merged, into a judgment of divorce is a legally binding contract between the parties and, as such, is to be interpreted according to the rules of contract interpretation (see Merl v Merl, 67 NY2d 359, 362 [1986]; Matter of Drake v Drake, 114 AD3d 1119, 1120 [2014]; Bjerke v Bjerke, 69 AD3d 1042, 1043-1044 [2010]). “[A]ny ambiguity in the agreement’s terms must be resolved by determining the parties’ intent at the time of contracting, either from within the four corners of the document, if possible, or, as a last resort, from whatever extrinsic evidence is available” (Desautels v Desautels, 80 AD3d 926, 928 [2011] [internal quotation marks and citations omitted]; see Matter of Apjohn v Lubinski, 114 AD3d 1061, 1063 [2014], lv denied 23 NY3d 902 [2014]). “[T]he court’s inquiry should not be limited to the literal language of the agreement, but should also include a consideration of whatever may be reasonably implied from that literal language” (Hewlett v Hewlett, 243 AD2d 964, 966 [1997], lvs dismissed 91 NY2d 887 [1998], 95 NY2d 778 [2000]). The separation agreement, in my estimation, is ambiguous as to the parties’ respective financial obligations with respect to the child’s college tuition and expenses. Under the separation agreement, the parties “agree [d] to share in the costs of the child’s higher education; however, neither party’s obligation shall exceed fifty (50%) percent of tuition at a state university, plus the cost of reasonable living expenses.” The separation agreement, however, did not elaborate to what extent the parties must share in these costs, such as “on an equal basis” (Matter of Frank v Frank, 88 AD3d 1123, 1124 [2011] [internal quotation marks omitted]), “equally to the extent [that] they are able to do so” (Matter of Walsh v Karamitis, 291 AD2d 749, 750 [2002] [internal quotation marks omitted]), based upon the parties’ “relative means and abilities” (Strykiewicz v Strykiewicz, 135 AD3d 1030, 1031 [2016] [internal quotation marks omitted]) or on a pro rata basis (see Friedman v Friedman, 143 AD3d 665, 665 [2016]). Nevertheless, Family Court’s interpretation that “the parties intended to equally share the cost of college” was reasonable (see generally Matter of Frowein v Murray, 298 AD2d 647, 648 [2002]). More importantly, this interpretation, which Family Court fashioned after a hearing, is reflective of “the parties’ intent at the time of contracting” (Cortese v Redmond, 199 AD2d 785, 786 [1993]). Although other parts of the separation agreement contemplated a 50/50 split of costs between the parties, unlike the college tuition provision at issue, at the time that the parties executed the separation agreement in 2000, they generally had the same amount of income, with the mother earning slightly more than the father. In this regard, the separation agreement stated that, for the 1999 calendar year, the father earned $35,028, while the mother earned $44,060. Furthermore, an equal split by the parties does not contravene the separation agreement’s terms capping each party’s financial responsibility for the child’s college education costs at 50% of what the tuition would be at a state university. In view of the foregoing and taking into account that the concept of equal sharing by the parties permeated the separation agreement, I believe that Family Court’s interpretation of an equal contribution can be “reasonably implied from th[e] literal language” (Matter of Apjohn v Lubinski, 114 AD3d at 1063 [internal quotation marks and citation omitted]) of the provision in the separation agreement governing the payment of the child’s higher education costs and gave “a sensible and practical meaning” to such provision (Springer v Springer, 125 AD3d 842, 843 [2015]). The mother does not advocate for any particular financial responsibility by the parties with respect to the child’s college tuition and expenses. Rather, she contends that, based upon her hearing testimony, the separation agreement did not impose any financial responsibility upon her to contribute to the child’s higher education costs. Specifically, the mother testified that it was her understanding that she did not have the obligation to pay for the child’s higher education because her friends, siblings and herself all paid for their own tuition or sought scholarships. This interpretation, however, does not comport with the terms of the separation agreement stating that it was the parties’ “intent that their daughter receive a college education” and that each party agreed to share in the costs of such education (see Matter of Apjohn v Lubinski, 114 AD3d at 1063; Matter of Heinlein v Kuzemka, 49 AD3d 996, 997 [2008]; Matter of Walsh v Karamitis, 291 AD2d at 750).* I would therefore affirm. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) sustained petitioner’s objection to the Support Magistrate’s construction of the provision in the separation agreement relating to the cost of the child’s college education and (2) entered judgment against the mother in the amount of $28,377.50, payable through the Support Collection Unit; matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed. I note that the separation agreement stated that the parties “anticipated,” but did not require, that the child would contribute to the costs of her college education by accepting educational grants or work-study employment.