Matter of Ulster County Support Collection Unit v McManus (2019 NY Slip Op 07452)





Matter of Ulster County Support Collection Unit v McManus


2019 NY Slip Op 07452


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

526283B 526285B

[*1]In the Matter of Ulster County Support Collection Unit, on Behalf of Carrie Lea McManus-Brooks, Petitioner,
v
Christopher P. McManus, Appellant. (Proceeding No. 1.)
In the Matter of Ulster County Support Collection Unit, on Behalf of Alicia A. McCarthy, Petitioner,
v
Christopher P. McManus, Appellant. (Proceeding No. 2.)

Calendar Date: September 4, 2019

Before: Egan Jr., J.P., Clark, Devine, Aarons and Pritzker, JJ.


Lindsay H. Kaplan, Kingston, for appellant.
Ulster County Department of Social Services, Kingston (Daniel Gartenstein of counsel), for petitioner.



Pritzker, J.
Appeals from six orders of the Family Court of Ulster County (McGinty, J.), entered January 26, 2018, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 4, to hold respondent in willful violation of two prior orders of support.
Respondent is the noncustodial parent of three children. Pursuant to a March 2011 consent order, respondent was obligated to pay the mother of his eldest child $62.80 per week in child support. Pursuant to a February 2015 adjusted order of support, respondent was obligated to pay the mother of his two youngest children $28 per week. In March 2017, petitioner commenced these child support proceedings on behalf of the children's respective mothers, alleging that respondent had willfully violated the two orders of support and collectively owed the mothers over $13,000 in arrears. After a joint hearing on the petitions, at which respondent represented himself, a Support Magistrate issued two orders of disposition finding that respondent had willfully failed to pay support as directed, recommending against incarceration if respondent continued to make regular and timely support payments and referring the matters to Family Court for confirmation.
At the initial confirmation hearing appearance, respondent failed to appear. The matter was adjourned and respondent subsequently appeared, again electing to represent himself. After respondent explained that he was going to begin working and making payments, the matter was again adjourned to give him an opportunity to do so. However, no payments were made and respondent requested assigned counsel. After several subsequent appearances, respondent, while represented by counsel, failed to appear at the ensuing confirmation hearing. During the hearing, the testimony of one witness was taken who established respondent's arrears to date. Family Court thereafter issued, among other things, two orders confirming the Support Magistrate's determination that respondent willfully violated the support orders, as well as two orders of commitment directing respondent's incarceration for two jail terms of six months and 90 days, purgeable by sums of $5,000 and $2,000, respectively. Respondent appeals, and we affirm.
Pursuant to Family Ct Act § 454 (3) (a), "failure to pay support, as ordered, shall constitute prima facie evidence of a willful violation" (see Matter of Duprey v Klaers, 167 AD3d 1288, 1289 [2018]). "Thus, proof that a respondent has failed to pay support as ordered alone establishes the petitioner's direct case of willful violation and shifts the burden to the respondent to rebut the prima facie case by presenting competent, credible evidence of his or her inability to make the required payments" (Matter of Mosher v Woodcock, 160 AD3d 1085, 1086 [2018] [internal quotation marks, brackets and citation omitted]; see Matter of Williams v Johnson, 56 AD3d 1021, 1022 [2008]). Here, respondent does not dispute that petitioner met its prima facie burden, but instead contends that he was unable to meet his child support obligations. However, proof was not presented to this effect at the confirmation hearing, as respondent's attorney did not present any evidence.[FN1] As such, respondent failed to meet his shifted burden (see Matter of Williams v Johnson, 56 AD3d at 1022; Matter of Walsh v Karamitis, 291 AD2d 749, 750 [2002]), and we therefore find no reason to disturb Family Court's determination that respondent willfully violated the support orders (see Matter of Martin v Claesgens, 165 AD3d 1392, 1393 [2018]; Matter of Sayyeau v Nourse, 165 AD3d 1417, 1419 [2018]).
Respondent further contends that he was denied meaningful representation because his attorney was not prepared for the confirmation hearing as she was not assigned until later in the proceedings. This contention is belied by the record inasmuch as respondent insisted on proceeding pro se throughout the pendency of the violation proceeding, and, at the time he requested assigned counsel, Family Court granted his request. Also, respondent failed to appear during the confirmation hearing at which his attorney was present, and the record reflects that respondent did not inform his attorney as to the reasons for his absence or failure to pay, despite the attorney's efforts to contact him. Accordingly, there is no factual basis in the record to support respondent's contention that he was denied meaningful representation (see generally Matter of Ritter v Moll, 148 AD3d 1427, 1429-1430 [2017]).
Egan Jr., J.P., Clark, Devine and Aarons, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: We disagree with petitioner that the appeal should be dismissed as the orders were entered on default. Although respondent failed to appear, his attorney did appear and there is nothing in the record to indicate that the orders were entered on default (see generally Vaca v Village View Hous. Corp., 170 AD3d 619, 620 [2019]).